## THAYER vs. WRIGHT.

If one place a fence upon a school house lot within the exterior line, the trustees of the district may lawfully remove and place it upon the line.

And if they should convert the materials to their own use, they would not be liable to an action at the suit of the party who had placed the fence upon the lot, because, being a fixture, the fence would belong to the owner of the soil. *Semble*. *Per* BRONSON, C. J.

ERROR to the Orleans common pleas. Thayer sued Wright before a justice in trover for a quantity of rails; and the case was substantially as follows: In 1835, the plaintiff leased a lot 62 feet by 40, in the northwest corner of his farm, where two roads met, to the trustees of school district No. 24, in Murray and Barry. The lease was in perpetuity; but the property was to revert when it ceased to be used for a school house. A school house was built on the south side of the lot, fronting the east, with a privy in the rear, which had stood there for ten years and more, and a school was kept in the house. There had been a fence separating the school lot on the west from the farm, which was built by the plaintiff; but it had fallen into decay. In April, 1846, the plaintiff built three lengths of rail fence *on the school lot*, extending from the northwest corner of the lot to the northwest corner of the school house. This cut off all communication, so that the school children

could only get to the privy by climbing over the fence.  This fence, or some other, was necessary to prevent cattle from coming on to the farm.  The defendant was a trustee of the district at the time; and about two months after the fence was built, he, with another trustee, removed the fence which the plaintiff put up to the place where the old division fence between the lot and the farm had stood.  The plaintiff was present and forbid the removal.  Plaintiff said he had called upon the trustees to build the fence.  There was no proof that they were bound to build.  The justice denied a motion for a nonsuit; and gave judgment for the plaintiff for 25 cents damages, besides costs.  On *certiorari*, the common pleas reversed the judgment.  The plaintiff brings error.

*H. D. Tucker*, for the plaintiff in error.

*Church & Davis*, for the defendant in error.

*By the Court*, Bronson, Ch. J.  The plaintiff was a trespasser when he built the fence on the school house lot; and the defendant, as a trustee of the school district, had an undoubted right to remove the fence.  His only fault is, that he suffered the school children to be annoyed with the nuisance for two months before it was abated.

If the defendant had converted the rails to his own use, I am not prepared to admit that this action could be maintained. A fence is a fixture; and belongs to the owner of the soil.  If a man knowingly enter upon the land of another, without permission, and build a house or a fence, the erection belongs to the owner of the land; and he may pull it down, and dispose of the materials as he pleases.  Such are my present impressions.  (*See Walker* v. *Sherman,* 20 *Wend.* 646; *Goddard* v. *Bolster,* 6 *Greenl.* 427; *Washburn* v. *Sproat,* 16 *Mass.* 449; *Amos & Ferard, Fixtures,* 241, *note.*)  But it is not now necessary to settle that question; for the defendant did not convert the rails to his own use.  He removed and laid them into a fence, at the place where the fence ought to be.  And he did

Stafford *v.* Williams.

nothing to prevent the plaintiff from taking and carrying away the rails, if he had chosen to do so. The error of the justice has been corrected by the common pleas.

Judgment affirmed.