ELLA R. MOSIER v. C. S. HARMON ET AL.

1   Where a will, executed in due form, is probated and admitted to record
    on an application within the jurisdiction of the court, error will not lie
    to review the testimony upon which the order of probate was made.

2.  The mode of contesting the validity of a will thus admitted to probate,
    as provided by section 24 of the probate act, and section 19 of the wills
    act, is conclusive.

ERROR to the District Court of Ashtabula county.

The facts are as follows : On the 13th of August, 1851, Rollin H. Harmon executed his last will and testament at Columbus, Ohio. Three witnesses attested its execution, namely—William F. Wheeler, C. L. Eaton, and John Thomas. The will was probated and admitted to record in Ashtabula county, Ohio, on the testimony of John Thomas alone, whose testimony as reduced to writing is in the usual form of an attesting witness, and also as to the signature of William F. Wheeler, in which he testifies : "that I saw him (Wheeler) sign his name as a witness to the last will and testament of Rollin H. Harmon, which is here exhibited to me, that that signature is genuine, and that said Wheeler's present place of residence is to me unknown." The third attesting witness, C. L. Eaton, was not called, nor was his absence accounted for in any way.

The testator devised to " the only child I have, one dollar; being all I intend to give her out of whatever property I now own;" and gave his entire estate to his three brothers, naming them.

At the date of the will, the present plaintiff in error, who is the " only child," was a mere infant, and the proceeding in error in this case was commenced by her before she was nineteen years of age, so that her rights, whatever they were, were not barred by the statute of limitations.

The petition in error was filed in the court of common pleas of Ashtabula county, to reverse the order of the pro-

bate court admitting the will to probate. The errors assigned are substantially as follows:

1. That the probate court erred in admitting said supposed last will and testament to record without the testimony of all the subscribing witnesses thereto.

2. That the probate court erred in admitting said supposed last will and testament to probate and record "in the absence of or without the testimony, or without the absence of one of the subscribing witnesses being accounted for, or without proof of the signature of one of the subscribing witnesses."

3. That the probate court erred in admitting the will to probate and record on the testimony introduced.

In the court of common pleas, a motion to dismiss the cause for want of jurisdiction was sustained, and this ruling was affirmed on error by the district court. By this proceeding the reversal of the judgments of the district court and court of common pleas are sought, on the ground that the motion to dismiss for want of jurisdiction was improperly sustained.

*Lee & Kellogg* and *W. B. Chapman*, for plaintiff in error, claimed that the court erred in admitting the will to probate upon the testimony, and cited sec. 2 of the act of May 3, 1852 (S. & C. 1616); sec. 12, Ib. 1617, and secs. 13, 14, and 15 of the same act; Redfield on Wills, 34, 36; 2 Greenlf. secs. 691, 692, 694; 1 Williams on Exr's, 192, 200; *Chase* v. *Lincoln*, 3 Mass. 236; *Townsend* v. *Ives*, 1 Wis. 216; *Sears* v. *Bingham*, 12 Mass. 372; *McKean* v. *Forst*, 46 Me. 239; 3 Phillips on Ev. (5 Am. ed.), 620; Thornton on Conveyancing, 278, 306, 408; *Jackson* v. *Luquere*, 5 Cow. 222.

*L. S. Sherman*, for defendant in error, on the question of testimony necessary to probate the will, cited 2 Redfield on Wills, 34 to 50; 2 Greenlf. Ev. sec. 644; 19 John, 386; 4 Cow. 483; 1 Wend. 406; 39 Vt. 150; 1 Coxe, 28; 51 Barb. 260.

GILMORE, J. The will in question was attested by three witnesses. But one of them was before the probate court at the time the will was admitted to probate. His testimony, as reduced to writing, is in the usual form of that of an attesting witness, and also to the genuineness of the signature of another of the attesting witnesses, who, he testifies, was present at the execution of the will and attested it in his presence, and that the place of residence of the witness was then unknown to him. Upon this testimony the will was probated and recorded without the third witness being called, or his absence accounted for.

There can be no question but that the application to admit the will to probate was within the jurisdiction of the court in which it was made.

Will error lie to reverse the order of probate thus made?

There are two grounds upon which a majority of the court think the question must be answered in the negative.

1. The second section of the probate act (S. & C. 1212), gives the probate court exclusive jurisdiction to "take the proof of wills." The only direction to which he is subject in respect to the quantity of proof that he shall be required to take on the proof of any will is contained in the twelfth section of the wills' act (S. & C. 1617), which provides: "The court shall cause the witnesses to such will, and such other witnesses as any person interested in having the same admitted to probate may desire, to come before such court, and such witnesses shall be examined in open court and their testimony reduced to writing and filed."

This section in terms requires the witnesses to the will to be brought before the court and examined at the time the will is probated, and although the practice of only calling two witnesses, where more than this number have attested the will, prevails in many counties of the state, the better practice would be to take the testimony of all such witnesses, or to have the reason or reasons why they were not called entered upon the record. The testator may have had reasons for calling more than two persons to attest the due execution of his will, and such persons as he saw proper

to call around him at the time for this purpose are the per-sons that the statute seems to require to be called to prove such execution. Owing, however, to the prevalence of the practice above spoken of in the state, it would put the title of many estates in jeopardy to hold that error would lie to reverse the order of probate in cases where all the witnesses to the will were not called and examined at the time it was probated; and a decision from which such disastrous results would follow ought not to be made, unless the law impera-tively demands it.

The practice above alluded to probably grew out of the provisions of the second section of the wills' act (S. & C. 1616), which, among other things, requires that every last will and testament shall be signed by the testator at the end thereof, and subscribed in his presence "by two or more competent witnesses," etc. If two attesting witnesses are all that are required to the execution of the will, it was quite natural that it should have been assumed that this number were all that need be called to prove it; and in the absence of the twelfth section, above quoted, the conclusion would be legitimate. But in this case two of the three witnesses to the will were not called, nor was the absence of one of them accounted for.

The court proceeded under the thirteenth section of the wills' act (S. & C. 1617), which provides that: "If it shall appear to the court, when the will is offered for probate, that any witness thereto is gone to parts unknown . . . the will may be admitted to probate, and allowed upon such proof as would be satisfactory, and in like manner as if such absent . . . witness were dead."

Now, if the absence of the third witness had been satis-factorily accounted for to the court, and the fact made part of the record, the proceeding would have been sub-stantially regular, according to the practice first spoken of; and inasmuch as the probate court is clothed with judicial power, and had exclusive jurisdiction of the subject, we think it may be fairly presumed that the absence of the

third witness was satisfactorily accounted for, though the fact does not appear of record.

If this fact is presumed, then the fifteenth section of the wills act (S. & C. 1618) shows that the court had only to be judicially satisfied "that such will was duly attested and executed, and that the testator, at the time of executing the same, was of full age, of sound mind and memory, and not under any restraint," in order to require its admission to probate. The record shows that the court found, upon testimony, that the will was executed as required by this section. And the court having thus acted judicially in a matter over which it had exclusive jurisdiction, we do not think that this judicial action can be reviewed on error, or the judgment reversed on a review of the testimony upon which the order of probate was made in this case.

But this point is only incidental, and there is another ground upon which the decision may be safely placed, and the proceedings of the probate court sustained.

2. The second ground for refusing, on error, to reverse the order admitting the will to probate, is : That the mode of contesting the validity of a will after probate, which is expressly given by statute, is exclusive and must be pursued.

The provisions of our statutes bearing upon this proposition are as follows :

The nineteenth section of the wills act (S. & C. 1618) declares the effect of the probate as follows : " If no person interested shall, within two years after probate had, appear and contest the validity of the will, the probate shall be for ever binding, saving, however, to infants, married women, and persons absent from the state, or of insane mind, or in captivity, the like period after the respective disabilities are removed."

A provision, in language slightly different, but in effect the same, was first introduced into the wills act, of February 18, 1808 (1 Chase, 571), and, so far as it affects the question before us, has continued to constitute a part of the

law of the state; relating to wills down to the present
time.

The twenty-fourth section of the probate act (S. & C.
1216) provides the only mode. of avoiding the effect ·of the
section last quoted, which is as follows : " When a will
shall be admitted to probate in the probate court or court
of common pleas on appeal, any person interested shall
have a right to contest its validity, by petition to the court
of common pleas of the proper county, and upon filing
such petition the clerk of the court of common pleas shall
certify that fact to the probate court in which the will was
admitted to probate."

Prior to the adoption of this section and the code of civil
procedure, the only mode of contest was by a bill in chan-
cery, in which an issue was directed to be tried by a jury.
But this is of no importance here, except to say that the·
result to be reached by either mode was a trial of the val-
idity of the will in question, and the right of contest in one·
or the other of the modes has always existed in this state.

In considering questions the same or similar in their
nature to the one before us, this court has always construed
the principles involved in these sections together, and the·
adjudicated cases seem to rest upon considerations of pub-
lic policy drawn from their provisions.

While an instrument in the· form of a last will and tes-
tament, that has been probated and recorded as a will,
whether it is truly such or not, is permitted to remain un-
impeached, the nineteenth section above quoted gives it
the effect of a valid will, which, if not contested within the
time limited, will become binding as such forever.

This construction was required in order to save contro-
versies in respect to wills after the lapse of years, in which
witnesses may have died or gone to parts unknown, and
also in order to secure from litigation and controversy per-
sons who hold title to lands by devise or under those who
took by devise ; and in view of these and kindred consid-

erations, the construction is neither unreasonable nor unjust.

We are therefore of the opinion that the only mode of contesting the validity of a will that has been admitted to probate, is that provided by the two sections last above quoted. If those interested neglect to pursue the mode of contest there pointed out, the considerations above noticed drawn from the sections quoted, require that their rights should be forever barred.

*Judgment affirmed.*