## KIMBALL vs. ADAMS and others.

*April 26 — June 22, 1881.*

*(1) When fence, built by A. on B.'s land, becomes part thereof. (2) Title to land: Removing cause from justice to circuit court.*

1. Where a fence is built, as a permanent structure, by one person upon the land of another without any agreement between the parties as to a right of removal, it becomes a part of the realty; and the owner of the land may remove it and dispose of the material at his pleasure. This rule applies to rails laid into a fence, though not attached to the land otherwise than by their weight; and it is not affected by the fact that the person who built the fence believed that he was erecting it on his own land.

2. Where an answer in justice's court pleads title to land, and defendant tenders the proper bond, and the justice files the papers in the cause in the circuit court, that court becomes possessed of the cause, and may proceed therein to judgment, under sec. 3622, R. S., although the justice has not certified such papers and his docket entries as required by sec. 3621.

APPEAL from the Circuit Court for *Portage* County.

On the 24th of July, 1879, the defendant *Glinsky* obtained title to forty acres of land upon which there was at the time a fence standing, near the line between that forty and the plaintiff's land, and nearly parallel therewith. The fence was removed in November, 1879, by *Glinsky*, with the aid of the other defendants, and converted to other purposes; and thereupon this action was brought, in justice's court, to recover the value of the fence, on the ground that it was built by plaintiff on what he supposed to be the line between his land and said forty-acre tract, and hence was personal property. The defendants pleaded title to the forty in *Glinsky*, claiming that the fence was upon and a part of it, and that he bought it in good faith as a part of the land; and upon their filing a bond such as is required by sec. 3620, R. S., the justice made an entry in his docket that the cause was "taken to the circuit court," and filed the papers in the cause in the office of the clerk of that court, "but did not certify and return the same. Upon the trial, the judge submitted the case to the jury on the theory that it was an action of trover, and that the plaintiff could recover even if the fence was by mistake built upon the forty; and he expressly refused to instruct the jury to the effect that, if the fence was on *Glinsky's* land, then it became part of the realty, and plaintiff could not recover, especially if *Glinsky* was a *bona fide* purchaser. There was a verdict for the plaintiff; a new trial was refused; and, from a judgment pursuant to the verdict, defendants appealed.

For the appellants there was a brief by *Jones & Sanborn*, and oral argument by *Mr. Jones*.

The cause was submitted for the respondent on the brief of *O. H. Lamereux*.

The following opinion was filed May 10, 1881:

CASSODAY, J. By the plea of title, the giving of the bond, and the filing of the proceedings and papers in the office of

the clerk of the circuit court, that court became possessed of the cause and had the right to proceed therein the same as if it had been originally commenced in that court.   Section 3622, R. S.

There is no pretense that the plaintiff built the fence under or in pursuance of any agreement for its removal, or that it should remain personal property.   The building of a fence upon land as a permanent structure, in the absence of any such agreement, would necessarily convert the material of which it was built from personal property into realty.   *Murray v. Van Derlyn*, 24 Wis., 67;   *Thayer v. Wright*, 4 Denio, 180;   *Mott v. Palmer*, 1 Coms., 564.   Rails laid into a fence upon land are a part of the freehold, even though not otherwise attached to the land than by their weight.   *Smith v. Carroll*, 4 G. Greene, 146;   *Boon v. Orr*, id., 304;   *Mitchell v. Billingsley*, 17 Ala., 391.

The mere fact that the fence in question was built by the plaintiff upon lands not his own, by mistake, did not prevent its becoming a fixture to the real estate as soon as it became attached to the soil.   *Seymour v. Watson*, 5 Blackf. (Ind.), 555.   Mr. Ewell says: " With respect to erections and annexations made by a stranger, with his own materials, upon the soil of another, without his consent, the rule of law . . . as between the owner of the soil and the one making such annexations, quite uniformly applied, is, that the owner of the materials loses his property, because he is presumed to have voluntarily parted with it, or to have intended it as a gift to the owner of the soil."   Page 57.   To the same effect are the following authorities: *Crest v. Jack*, 3 Watts, 238;   *First Parish v. Jones*, 8 Cush., 189;   *Goddard v. Bolster*, 6 Me., 427;   *Huebschmann v. McHenry*, 29 Wis., 655.   The fence in question having become a fixture, and the title to it having passed to the defendant with the title to the forty, it follows that he had the legal right to pull it down and dispose of the material as he pleased.   This view was taken of the question

by BRONSON, C. J., in *Thayer v. Wright*, 4 Denio, 181, and we regard it as good law.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

A motion for a rehearing was denied June 22, 1881.