SCHOLL, Appellant, vs. KINITZER, Respondent.

*October 1— October 25, 1892.*

*Fences: Boundaries.*

A fence built by an owner of land upon adjoining land after the boundary between his and such adjoining land has been established by the county surveyor, is not within the provisions of ch. 202, Laws of 1883, and, in the absence of any agreement to the contrary, becomes the property of the owner of the land on which it is built.

APPEAL from the Circuit Court for *Dodge* County.

The action is to recover damages for a trespass alleged to have been committed by defendant upon the land and property of plaintiff. The plaintiff is the owner of the N. E. ¼ of the S. W. ¼ of a certain section of land in Dodge county, and the defendant is the owner of the S. E. ¼ of the N. W. ¼ of the same section, lying north of and adjoining plaintiff's lot. For many years the parties and their grantors of said lands, respectively, occupied up to a rail fence standing on defendant's lot a few feet north of the quarter section line between the two forties. It does not appear who built this fence. In 1890 plaintiff replaced thirteen rods of the fence with a post and wire fence. Immediately thereafter defendant tore down and removed such wire fence, which is the trespass complained of in this action.

The boundary line between the lands of the parties was surveyed and located by one L. D. Livermore, a surveyor, in 1873, at which time he was county surveyor. Livermore located the line several feet south of the rail fence. He surveyed the line twice afterwards,— in 1883 and 1890,— with substantially the same result. For the purposes of this appeal it seems to be conceded that he located the line correctly.

On the foregoing facts the court directed a verdict for plaintiff, and he had judgment for the value of the fence

Scholl vs. Kinitzer.

as assessed by the jury.    The defendant appeals from the judgment.

For the appellant there was a brief by *A. G. Cook* and *Lander & Lander*, and oral argument by *H. W. Lander*.

For the respondent there was a brief by *Elwell & Burke* and *James J. Dick*, and oral argument by *Mr. E. Elwell* and *Mr. Dick*.

LYON, C. J.   In *Kimball v. Adams*, 52 Wis. 554, it was held that a fence built as a permanent structure by one person upon the land of another, without any agreement between the parties as to the right to remove it, became a part of the realty, and the owner might remove it and dispose of the material at his pleasure.   Two years later the legislature enacted ch. 202, Laws of 1883, which provides that "when any owner or occupant of land shall have built a fence before a boundary line shall have been established between him and any adjoining land by the county surveyor, and if it shall prove, after the boundary line is so surveyed, that the said fence shall be on the adjoining land, the party who has built the same, or, if the land is sold, the party who built the same or the purchaser of the land, shall be the owner of the fence: *provided*, that the owner of the fence removes the same on the boundary line so established, upon a notice served upon him by the adjoining owner of land."   S. & B. Ann. Stats. sec. 1392*a.*

It was conceded on the argument by counsel for both parties that the controlling question on this appeal is whether this case is within the provisions of ch. 202.   If it is, the judgment should be affirmed; otherwise it should be reversed.   The sole ground upon which the trial court directed a verdict for the plaintiff was that under said chapter the fence in question belonged to plaintiff, although erected on defendant's land.

It will be observed that, in order to bring a given case

within the provisions of the act of 1883, it is essential that the fence in question should have been erected before the county surveyor had established the boundary line between the lands of the respective owners. In the present case the testimony is undisputed that the county surveyor, Livermore, established the boundary line between the lands of these parties in 1873. This testimony that Livermore was the county surveyor does not appear in the printed abstract of the record, and evidently it has been overlooked by counsel; yet it is in the record, and we cannot disregard it. Because the county surveyor located the boundary line before the plaintiff erected the fence in question, the case is not within the provisions of ch. 202, but is governed by the rule of *Kimball v. Adams*, 52 Wis. 554.

It follows that the learned circuit judge ruled erroneously in the premises, and that the judgment of the circuit court based upon such ruling must be reversed.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.