Spear, J.
The contention being whether or not the circuit court had jurisdiction to review the order of the common pleas, the first inquiry naturally is as to the character of the proceeding in that court, and the character of its order refusing to admit the alleged will to probate. Was it a special proceeding, and was the order a final order?
As to the first inquiry, it seems to us there can be but little difficulty. Our code does not, as does the code of New York, specify that every remedy which is not an action is .a special proceeding, nor does our statutes give any definition of an action or a special. proceeding. But we suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a - judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding. As given by Bouvier, a remedy is “the means employed to enforce a right, or redress an injury.” Section 5921, Revised Statutes,’ and cognate sections, give a right to any person to whom any estate has been devised or bequeathed by any last will or to any person interested therein to propound such will for probate and, the proper proof being made that the will was duly attested and executed, and that the testator, at the time of executing the same, was of sound mind and mem *408 ory, of full age, and not under any restraint, the rig’ht exists in the proponent that the court 'shall admit the will to probate. In no other way can he enforce his right to have the benefit of the provisions of the will. The court, by the mandatory requirement of the statute, is called upon to determine as to the existence of the right, and it being ascertained that the paper presented is the last will of the deceased, its admission to probate follows as a legal necessity. The law having conferred the right, and authorized an application to a court of justice to enforce it, the proceeding upon such application is of a judicial nature, and, not being an action within the sense of the code, it follows that it belongs to that class known as special proceedings.
As to the second inquiry. Section 6707,. Revised Statutes, provides: * * An order affecting a substantial right made in a special proceeding * * * is a final order. ” If the party who propounded this paper writing for probate is bound by the order as conclusive of his right, and may not, as of right,' propound it a second time, then beyond question it is a final order. Can the proponent again propound the will for probate? The eases of Chapman’s Will, 6 Ohio, 149, and Hunter’s will, same vol. 499, are authority to the affirmative of this proposition as tested by the wills acts as they stood at the time of those decisions, 1833-4. The statute at that time did not require notice to any person of th.e application to admit to probate, nor was there provision for either appeal or error where the court refused to admit the will to probate, although there was as now, where the will was admitted to probate, a right to contest the will by litigated suit within *409 two years after such probate. It was concluded in the above cases, that the proceedings were ex parte, not adversary; no judgment was to be given, and the order of probate, where the will was admitted, while binding upon everybody if not set aside, was not finally conclusive, on the sub- ■ ject of it, for a way was provided to contest and vacate it. And, upon these considerations, it was held that “if rejected, another application may be made, and probate established on new and better proof.” But the statute, as to two important particulars, is essentially different now. Notice to the executor, the widow or husband, and next of kin of the testator, resident in the state, is to be given; and, in case of refusal to admit to probate, any person aggrieved may appeal to the common pleas by filing notice of intention within ten days. These changes do not transform the proceeding into a strictly adversary one, for no testimony can be given against the will, but they do provide for bringing in interested parties who are permitted to cross-examine the witnesses, and afford an opportunity to appeal, if any are aggrieved by an order refusing to admit the will to probate, and try the question again in the court of common pleas. When the appeal has been perfected (section 5935,) “the court of common pleas, on the hearing, shall take testimony touching the execution of such will, and have the same reduced to writing; and the .final order of the court of common pleas, shall, together with the will and testimony so taken, be certified by the clerk to the probate court; and if by such order the will is admitted to probate, the will, order and testimony shall be recorded in the probate court.”
*410 The case of Feuchter v. Keyl, 48 Ohio St., 357, is authority for the proposition, that where admission to probate has been refused by the probate court, persons having notice of the proceedings and refusal until too late to appeal, are not concluded but may repropound the will, and probably this rule would apply to persons so situated even where on appeal the common pleas had refused probate. But what reason is there for saying that the defeated proponent may again propound? Can it reasonably be said that' he may see-saw between the two courts and never exhaust his right to litigate? We think not. The right of the heir to enjoy the estate of his ancestor should not be subjected to unconscionable delays, nor be kept in uncertainty and unreasonable length of time. And we think it a fair construction of the amendment to the statute to hold that they were intended to avoid these delays and uncertainties, and to establish that, as the action of the probate court is final and binding as to all persons where' .the will is admitted to probate, so it is equally final and binding as to all persons having due notice where probate is denied; and that in the one ease, the remedy is by contest before a jury, and in the other an appeal to and hearing in the court of common pleas, and that, save as to such rights as may be by other statutes given to prosecute error, these modes of relief are final and conclusive. This results in the conclusion that' the order of 'the common pleas refusing probate of the will, was a-final order; and it is equally clear, that if we are right in our conclusion as to the first inquiry, it affected a substantial right.
Being a final order within the meaning of the section cited, it could, by virtue of the clause *411 following the one quoted, “he vacated, modified, or reversed, as provided in this title.” The provision in the title applicable to this case, is section 6709, to the effect that: ‘ A judgment rendered, or final order made' by the common pleas court may be reversed, vacated, or modified by the circuit- court for error appearing on the record.” And that the provision for a review, applies as well to orders made in special proceedings as to orders made in civil actions, appears not only by the language of the statute, but is emphasized by the holding in Myres v. Myres, 6 Ohio St., 221, viz: “In all proceedings after the taking effect of the code to vacate, modify, or reverse final orders, judgments, or decrees in civil cases, the code of civil procedure applies, in special statutory proceedings and in cases in chancery, as well as at law saving only the old remedy by bill of review. ” Nor is it of importance that the statute which directs the proceedings on the application is. silent as to a right to a review on error. It is sufficient if such right be given by any statute. Davis v. Coffman, 55 Ohio St., 556.
It follows from the foregoing that the order of the common pleas court refusing to admit the alleged will to probate, might be reviewed by the circuit court and reversed, vacated or modified for errors appearing on the record.
But what errors may appear on the record, and what may be reviewed? May the evidence be brought to the attention of the reviewing court, and if so, how? It is insisted by counsel for defendants in error, that it cannot be done by bill of exceptions, because no authority is found in the statute for the 'taking of such bill, and Baer v. *412 Otto, 34 Ohio St., 11, is cited to show that in the absence of statutory authority such bill is unauthorized. The order sought to be reviewed in that case was an order made by a justice of the peace on a motion to discharge an attachment, and the holding is, that such order cannot be reviewed on error where the alleged error is that the order is against the weight of the evidence. In the opinion it is stated as on ground for the decision that no provision has been made by legislation for preserving- the evidence offered on such motion. One difference between the case cited and the one at bar is, that that holding was with reference to a decision of a court of limited, inferior jurisdiction; our case relates to the ruling of a court of general jurisdiction, having- general power to sign and allow bills of exceptions. Another difference will appear later on.
It would seem idle to provide for review upon error of final order unless there is also authority for entering and preserving exceptions to the decision complained of. We think such authority is afforded by sections 5297 to 5302, Revised Statutes. The exception, which is an objection to a decision on a matter of law, must be made at the time the decision is made. It must be stated in writing “with the facts, or so much of the evidence, as is necessary to explain it.” If the decision is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by noting at the end that the party excepts. But when the decision is not entered on the record of grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing and present the same' to' the trial judge for allowance. Practice in the com *413 mon pleas is regulated by these provisions. Why is not the ease at bar one where the grounds of objection do not sufficiently appear in the entry? And why do not these provisions sufficiently provide for the taking of a bill of exceptions in this case?
But it is insisted that the effort here is to review the decision upon the weight of the evidence, and clearly there is no authority for that. The review referred to is, we suppose, one which involves a finding as to the preponderance. It is true that one ground of error assigned in the motion for new trial is, that the findings and judgments are against the weight of the evidence, and the same point is involved in the petition in error under the assignment of error in overruling the motion. But we do not think we are called upon to discuss this proposition, because another assignment is, that the findings and judgment are contrary to law, and this objection, if well taken, would dispose of the case. Perhaps it is impossible to consider evidence with respect to its legal effect without at the same time in a certain sense weighing it; but this is a different process from that of the weighing- of conflicting evidence for the purpose of determining upon which side the evidence preponderates. Under the objection that the court erred in finding and deciding that the proposed will was not made and executed in accordance with the laws of Ohio, which is another form for saying that the findings and judgment were against the law, the matter of mere preponderance is not presented. As to this inquiry, the trial court was not asked to pass upon contradictory evidence. There was none. The question was, what, upon the whole evidence, adduced is the law *414 of the case? To this the court, by its decision, responded: Taking all the evidence offered in favor of the application — and there was none against, because no such evidence was competent — just as it is given, and awarding to it all the force that can possibly be claimed for it in favor of the will, and the inevitable conclusion is, that the will was not executed in accordance with the' laws of Ohio. This was, practically, a demurrer to the evidence. As put by White, J., in Turner v. Turner, 17 Ohio St., at page 452: “What the evidence tends to prove, is a question of law, and when all the facts are admitted which the evidence tends to prove, the effect of such facts raises a question of law only. Such is the nature of a motion to rule out the testimony, and to order a non-suit; and such was the nature under the old practice, of a demurrer to the evidence. ’ ’ Clearly there is presented by this record simply a. question of law, a question which the party had a right to raise, and inasmuch as the bill of exceptions containing the evidence was necessary to explain the exception, it was at least a proper method of accomplishing that result, if not the only method, and must be held to have been authorized.
It is finally insisted that the jurisdiction of the probate court, and of the common pleas, being exclusive, their final judgment is necessarily conclusive, and attention is called to the ease of Gregory’s Adm’r., 19 Ohio, 357, where it is held that exclusive jurisdiction in probate matters being given to the court of common pleas by the constitution, the orders of those courts are not reviewable in the supreme court. This ease would be authority, but for changes in the law. The present constitution gives to the probate court like juris *415 •diction probate matters with that given to the common pleas by the old constitution, but, while the appellate jurisdiction given the supreme court by that instrument was confined to ‘ ‘common law and chancery, in such cases as shall be directed bylaw,” the appellate jurisdiction given the circuit court by the present constitution is, “such appellate jurisdiction as may be provided by law,” and by law it is provided, as we have seen, that the power of that court to reverse, vacate or modify, is not limited to cases in chancery or at law, but extends to and includes any judgment or final order made by the court of common pleas. Further comment on this branch of the ease seems unnecessary. We deem it sufficient answer to the proposition to say that the statute giving a right to review on error provides otherwise. Nor is the jurisdiction, when all the statutes bearing upon the question are considered, any more exclusive in either court to permit or refuse probate to a will than is the jurisdiction of the common pleas exclusive, in case of a contest of a will, or a proceeding-to obtain a construction of it, and no one would now question the right to review on error a final judgment in such cases.
The case of Mosier v. Harmon, 29 Ohio St., 220, is cited as of controlling force here. The will of the testator had been admitted to probate bv the probate court. Many years after, an heir who at the time the will was probated was an infant, having reached majority, commenced an error proceeding to reverse the holding admitting the will. It was held that the statute having provided a method of testing the validity of a probated will by a direct proceeding in the court of common pleas, and having equitably preserved the rights of persons *416 under disability, public policy required that that method should be pursued, or the right barred. The case determines what remedy may be resorted to by one feeling aggrieved because of the order admitting the will to probate; it does not determine, nor attempt to determine, what remedy is open to one who is aggrieved by an order refusing to admit to probate. The decision seems a wise one, but we do not think it rules the case at bar.
It would seem that the spirit of our statutes authorizing review of the decisions of the common pleas by the circuit court, would make it appear reasonable that a review should. be permitted in this class of cases. If the controversy were over a horse-trade, involving say, fifty dollars or less, the party aggrieved could go through all the reviewing courts to this court upon the law of his case. Why should not there be, in the case of a will, where the property to the amount of thousands of dollars may be involved, equal facilities for settling the legal questions involved? Why should the defeated party in the case first mentioned, be permitted to invoke the judgment of every court from the justice to the supreme court, and the defeated proponent of a will be confined to the judgment of two persons, and two only, the probate judge and the judge of the court of common pleas?
That such review is authorized has been, we think, the general belief of the bench and the bar of the state. A number of cases have been prosecuted to this court involving the right of review and that right has not before been questioned. See Feuchter v. Keyl, supra.
*417 Our conclusion is that the circuit court had jurisdiction to hear the case and its refusal on the ground that it was without jurisdiction, was error.
Judgment reversed.
Minshall, J., dissents.