Smith, J.
In the argument of this motion, counsel have fully presented the question, which is the real one in the case, whether, when an application is made in the probate court under the provisions of section 5944 to admit to record a lost will, executed according to law and not revoked at the death of the testator, when the same has been lost, spoliated or destroyed subsequent to the death of the testator, and such will has by such court been admitted to probate and record, a petition in error can legally be prosecuted in the court of common pleas to reverse such order er judgment.
*188 Such proceedings and order were had and made by the ■probate court of this county to an alleged lost will of oneF. A. Lasance, and a petition in error to reverse such order, ■on the ground that the evidence taken did not justify it, was filed in the court of common pleas by one of the heirs at law. A motion was then filed to dismiss the same on the .ground that the court of common pleas had no jurisdiction in the case, but this motion was overruled by the court, and •on hearing, the judgment of the probate court was affirmed ■at the costs of the plaintiff in error. Thereupon a petition in error was filed in this court to reverse both judgments, ■and it is this last petition in error to which the motion applies.
Section 5948, Revised Statutes, provides ■ among other 'things, “that such .wills, ”(so admitted to probate), “shall, in all respects, be governed by the laws in force relating not only to the contest of the same, but in all other matters.”
Under this section, and the decision of the supreme court in Mosier v. Harmon, 29 Ohio St., 220, it would seem that ■where the lost will is admitted to probate by the probate •court, the contention of the counsel for the defendant in ■error that a petition in error to review such order on the ■ground that it was not justified by the evidence will not lie, is well founded. The syllabus of that case is as follows:
“1. Where a will,executed in due form, is probated and admitted to record on an application within the jurisdiction of the court, error will not lie to review the testimony upon which the order to probate was made,
“2. The mode of contesting the validity of a will thus admitted to probate, as provided by section 24 of the probate act, and section 19 of the wills act, is exclusive.”
If therefore this decision of the supreme court is still the law of the state, it would seem to be conclusive against the right of the plaintiff in error to have set aside the order *189 of probate by a proceeding like this; seeking its reversal on the ground that it was not justified by the evidence.
It is claimed, however, by the counsel for plaintiff in error that there are other decisions of the same court which modify the decision in 29 Ohio St., and which show his right to prosecute error in this way,and he refers to 26 Ohio St., 541, and 56 Ohio St., 405. In the first of these two cases, it was held that where application under this same statute is made to admit a lost will to record, it is- necessary to give the notice required by the statute, and if it is not done, that petition in error to reverse the order admitting it to probate will lie. This, in our judgment, does not conflict with the case in 29 Ohio St. No notice having been given, the probate court for this reason had no jurisdiction to make the order complained of, and in that case error would lie to review the judgment on this ground.
The case in 56 Ohio St., 405, holds that an application to admit a will to record is a special "proceeding, within the meaning of section 6707, which provides that an order affecting a substantial right made in a special ([proceeding is a final order which may be vacated, modified or reversed as provided in Title 4, Revised Statutes; and that if on appeal to the court of common pleas from an order refusing to admit such will to record(which is allowed^by section 5934, Revised Statutes), that court makes a like order, the proponent can not again propoundrthe [alleged will for probate, but such order may be reviewed in the circuit court on the evidence.
This decision evidently proceeds upon] the idea^that the prosecution of error is the only modejfof relief for the party propounding the will, when his application to have it probated is refused. There is no statement anywhere in the decision that when the probate is allowed, the[[party objecting may appeal or prosecute error. On the contrary, the *190 court, in commenting on the case in 29 Ohio St., 220, approves it. It is there said:
Geo. W. Hengst, for Plaintiff in Error.
O. F. Dwyer/and A. M. Warner, for the Defendants in Error. ,
“The will of the testator had been admitted to probate by the probate court. Many years after, an heir who at the time the will was probated was an infant, having reached majority, commenced an error proceeding to reverse the holding admitting the will. It was held that the statute having provided a method of testing the validity of a probated will by a direct proceeding in the court of common pleas, and having equitably preserved the rights of persons under disability, public policy required that that method should be pursued or the right barred. The case determines what remedy may be resorted to by one feeling aggrieved because of the order admitting the will to probate; it does not determine, nor attempt to determine, what remedy is open to one who is aggrieved by an order refusing to admit to probate. The decision seems a wise one, but we do not think it rules the case at bar.”
We are of the opinion, then, that the court of common pleas erred in not dismissing the petition in error and in rendering a judgment against the plaintiff in error for costs.
The plaintiff in error had the right to prosecute error in this court to reverse the judgment for costs, as the court of common pleas had no jurisdiction of the action.
The motion to dismiss this petition in error will be overruled and the judgment of the common pleas will be reversed and the case remanded to that court, with instructions to strike the petition in error from the files for want of jurisdiction thereof.