SlIAUCK, O. J,
Jurisdiction to admit to probate any lost will under the circumstances found in this case is conferred upon the probate court by sections 5944 to 5948 of the Revised Statutes. The effect of the order made by the probate court in the exercise of the authority so conferred is defined in section 5948: “The contents of any such last will and testament so found, established and admitted to probate as aforesaid, shall be effectual to pass real and personal estate and for all other purposes as if the original will had been admitted to probate and record, according to the provisions of this title; and such wills shall, in all respects, be governed by the laws in force relating to other wills not only as relates to the contest of the same, but in all othér matters.”
It seems quite clear from the provisions of this section that an order admitting a lost or spoliated will to probate can be annulled or revoked in no other manner than that prescribed with respect to orders admitting to probate wills not lost or spoliated. It is provided in section 5858 that “a person interested in a will or codicil admitted to probate in the probate court, or the court of common pleas on appeal, may contest the validity thereof in a civil action in the court of common pleas of the county in which such probate was had.” With reference to the same subject it is provided in section 5933, Revised Statutes, that “If no person interested [shall] within two years after probate liad, appear and contest the validity of the will, the probate shall be forever binding,” with a saving in favor of persons under disabilities.
These provisions require the conclusion that the contest in the court of common pleas authorized by section 5858 is the only mode of revoking an order ad *65 mitting a will to probate. These sections were so construed in Mosier v. Harmon et al., 29 Ohio St., 220.
It is said, however, that a different view of the subject was taken in Missionary Society v. Ely, 56 Ohio St., 405. The cases are distinguished by the fact that the order which we there held to be subject to review on a petition in error was an order refusing to admit an alleged will to probate. The importance of this distinguishing fact appears when it is observed that the statute providing for the contest of a will has no application to a case in which the will is not admitted to probate. An order admitting a will to probate brings the case within the exclusive remedy by contest ; while an order refusing to admit it excludes the case from the statute which prescribes that remedy, and this ground of distinction Avas pointed out in the •case lastly cited.
Judgment affirmed,