(Judges Craine, Taggart and Donahue of the fifth circuit sitting in place of Judges Winch, Henry and Marvin.)

### ANNA D. WADSWORTH v. D. W. PURDY ET AL.

1. ARGUMENT IN WILL CONTEST PRESSING ORDER OF PROBATE JUDGE TO INFLUENCE. JURY CONSTITUTES MISCONDUCT OF COUNSEL.

An order admitting a will to probate by force of Sec. 5926 Rev. Stat. is *prima facie* evidence of its validity only. Hence, in a proceeding to contest a will under Secs. 5858 Rev. Stat., *et seq.*, permitting a statement by counsel in argument to the jury to the effect that the probate judge, experienced in such matters, had admitted the will to probate on the same evidence heard in the proceeding to contest and that it would be presumptuous in the jury to hold differently, constitutes misconduct of counsel prejudicial to the rights of contestants, for which a judgment based on a verdict sustaining the will is reversible.

2. FAILURE TO CALL ATTENTION TO ERRORS EXCEPTED TO ON MOTION FOR NEW TRIAL DOES NOT PRECLUDE REVIEW ON ERROR.

A trial court is presumed to know what errors occur at the trial of a cause and, having certified that a bill of exceptions, showing the errors excepted to is true, the fact that the attention of the court was not called thereto by affidavit or otherwise upon a motion for new trial cannot preclude a reviewing court from the consideration thereof on error.

3. CAPACITY TO ATTEND TO ORDINARY BUSINESS, TO KNOW AND UNDERSTAND BUSINESS IN WHICH TESTATOR WAS ENGAGED LACKS ESSENTIAL REQUISITES OF TESTAMENTARY CAPACITY.

Mental capacity to make a will requires a comprehension of the nature of the act testator is performing, an understanding of the extent of property of which he is disposing, a realization of the relation which he holds to those who have claim upon him and ability to make a rational selection among them; "capacity enough to attend to ordinary business, and to know and understand the business he was engaged in," lacks essential requisites of testamentary capacity to make a will and to so charge is misleading and prejudicial.

4. ECCENTRICITIES AND DELUSIONS AFFECTING MENTAL CAPACITY.

A testator's eccentricities, peculiarities or delusions must not affect either the natural or selected objects of his bounty or interfere with his testamentary capacity to make a will; whether or not such conditions of mind affect testamentary capacity is a question for the jury under proper instructions and to charge that they are of no consequence if testator has sufficient mental capacity to transact ordinary business and of understanding the nature of the business in hand, is prejudicial.

[Syllabus approved by the court.]

ERROR to Cuyahoga common pleas.

**H. H. Johnson** and **E. F. Voris,** for plaintiff in error.

**Henry & Couse** and **W. H. Boyd,** for defendants in error.

Wadsworth v. Purdy.

**DONAHUE, J.**

This proceeding in error is brought to reverse the judgment of the common pleas court of this county in an action in said court, wherein Anna D. Wadsworth sought to set aside the will of H. W. Baird, deceased, claiming, first, that said will was not properly executed, second, that the testator had not mental capacity to make a will.

Upon the trial of the cause in common pleas court the jury returned a verdict sustaining the will, and judgment was rendered accordingly. A motion for new trial was filed and the same was overruled. The principal errors now urged upon the attention of this court are, first, misconduct of counsel in the argument of the cause; second, error in the charge of the court; third, that the verdict of the jury was not sustained by sufficient evidence.

First, as to misconduct of counsel. It appears that in the argument of this cause one of the counsel for defendants was permitted to, and did, argue to the jury, in effect, that the same evidence now before the jury was offered to Judge Hadden of the probate court, and that he, with all his experience in such matters, had sustained the will and admitted it to probate, and that it would be presumptuous in the jury to hold different from Judge Hadden. This all appears in the bill of exceptions, but it is also certified that this matter was not called to the attention of the court by means of affidavit or otherwise upon the motion for new trial. We think that is not important. There are a great many other errors complained of in this bill of exceptions that were not brought to the attention of the court upon the motion for new trial by affidavit, deposition or oral testimony. The trial court is presumed to know what occurred at the trial of this cause as it now appears by the bill of exceptions. In fact he certifies this bill of exceptions to be a true bill, and we think the matter was clearly before him upon the motion for new trial, as much as was the admission of evidence or errors in the charge of the court, or any other matters or things excepted to by counsel for plaintiff in error upon the trial of said cause, and it is now before this court for review. We are unanimously of the opinion that this argument was improper and prejudicial to the rights of the plaintiff in error.

The method provided by statute (Secs. 5858-5866 Rev. Stat.) for contesting a will is exclusive, *Mosier v. Harmon,* 29 Ohio St. 220, and the statute providing for the probating of a will does not provide that the contest may be had touching its admission to probate.

Section 5926 Rev. Stat. provides,

''The said court shall cause the witnesses to such will, and such

other witnesses as any person interested in having the same admitted
to probate, may desire, to come before such court; and said witnesses
shall be. examined in open court, and their testimony reduced to writ-
ing, and filed.''

From this statute it clearly appears that only witnesses to the
will and such other witnesses as may be offered by parties interested
in having the will admitted to probate, can be heard. Parties inter-
ested in not having the will admitted to probate have no right to call
witnesses. It is practically to all intents and purposes a proceeding
*ex parte* in its nature.

In the case of *Bolles* v. *Harris*, 34 Ohio St. 38, at page 41, Judge
White, speaking for the Supreme Court, says:

''The jurisdiction exercised in all such cases by the court and
jury is virtually that of a court of probate, charged with the duty of
finally establishing or rejecting the will. The proceeding to admit the
will to probate in the first instance, is in its nature *ex parte;* the pro-
ceeding by contest is a suit *inter partes.*''

Citing in support thereof, *Mears* v. *Mears*, 15 Ohio St. 90; *Con-
verse* v. *Starr*, 23 Ohio St. 498.

So that what Judge Hadden had done with this will was of no
importance, except that by the force of the statute, it became *prima
facie* evidence of the validity of this will, and cast the burden upon the
contestors to show its invalidity. It is true that in this particular case
it so happens that the same evidence is used in the common pleas court,
touching the execution of the will, that was heard by Judge Hadden,
and if there would be any excuse in any case for this argument, it would
be this case, but we think that because the action is *ex parte*, and be-
cause the judgment of that court covered all the questions touching the
validity of this will, as well as its proper execution, it is unfair to say
that the jury should have the right to consider what Judge Hadden
had done touching the same. The effect of that judgment was simply
to make a *prima facie* case in favor of the will, but upon this contest,
the case, except for that, is heard *de novo*, and the jury ought not to
be influenced by the action of Judge Hadden in the case, especially
when his judgment was rendered in an *ex parte* proceeding, where
counsel, perhaps, were not present, and if present, had no absolute
right to be heard; and Judge Hadden's judgment upon this case made
in the common pleas court where counsel for all parties. had full right
to be heard, and were heard, might have been entirely different. It
was the duty of the common pleas court to interfere when its attention
was called to this argument and to instruct that the judgment of the

Wadsworth v. Purdy.

probate court had no other or further effect than to cast the burden upon contestors. The court, by permitting this argument, in effect, said to the jury,

"You have a right to consider Judge Hadden's action as authority in this particular case, and if a man of his experience and learning should hold this will upon this same evidence to have been properly executed and admitted to probate as a last will and testament, you should consider his action in connection with the evidence offered in determining what you ought to do in this case."

We, therefore, think the argument of counsel in this respect was improper and that the court erred to the prejudice of plaintiff in over-ruling the objections of plaintiff in error's counsel to the same, and in not then and there correcting in the mind of the jury any false impressions it may have received by reason of such argument.

The next error seriously urged upon this court is, as to the charge of the court, and particularly as to this language:

"If, therefore, you believe from the evidence that when Mr. Baird executed the papers in dispute he had capacity enough to attend to his ordinary business, and to know and understand the business he was engaged in, then he had the right and the capacity to make such a will, and you should find that the papers in dispute are his will."

We do not think this is the correct definition of testamentary capacity, but whether it is prejudicial or not to plaintiff in error is a much more serious question. A person may lack in capacity for the transaction of ordinary business and lack in contractual capacity, and yet many have testamentary capacity. Mental capacity to make a will is said to exist where a testator has an understanding of the nature of the business in which he is engaged, a recollection of the property he means to dispose of, the persons who have a claim upon his bounty, and the manner in which it is to be distributed.

In 11 Am. & Eng. Enc. Wills 151, cited by counsel for plaintiff in error, we find this definition:

"In order to make a valid will, a testator must have sufficient capacity to comprehend the nature of the act he is performing; he must understand the extent of the property of which he is disposing; he must comprehend the relation which he holds to those who have claim upon him, and be capable of making a rational selection among them."

We are inclined to the opinion that this is the best definition that can be given of testamentary capacity and includes all the requisite ele-

ments thereof, and any charge which fails to give this, in substance, is defective. The court, in this case, did, on page 390, substantially give this charge, but in other places throughout the charge the jury is told, in effect, that if he knew and understood the business he was engaged in and had capacity enough to attend to ordinary business, then he had sufficient testamentary capacity to make a will, but in this behalf we think the charge as a whole was misleading.

Counsel for plaintiff in error further complain of this language:

"But if you should find from the evidence that during some portions of his life. Mr. Baird had eccentricities, or peculiarities, or even an insane delusion, or partial insanity on the subject of socialism, or any other subject, and should find from the evidence that at the time he made the writing in question he had sufficient mind and memory to understand his ordinary business, and that he knew and understood the business he was engaged in and intended to make such a will, you should then find it to be his will."

We think this charge is erroneous in that it does not state that before the jury shall find that these delusions would not interfere with his testamentary capacity, that they must also find that the same did not affect either the natural or the selected objects of testator's bounty.

In the case of *New Jerusalem Church* v. *Crocker,* 4 Circ. Dec. 619 (7 R. 327), it is held, in the fifth paragraph of the syllabus, that:

"The existence in the mind of a testatrix of mere delusions which do not affect either the natural or the selected objects of her bounty, is not inconsistent with testamentary capacity."

On page 623, Judge Shauck, in the opinion, says:

"The existence of delusions which in no way relate to those who are excluded from or embraced in the provisions of a will, are not at all inconsistent with testamentary capacity." Citing, in support of this proposition, *Rice* v. *Rice,* 53 Mich. 432 [19 N. W. Rep. 132]; *Hollinger* v. *Byrnes,* 37 N. J. Eq. 221; *Otto* v. *Doty,* 61 Iowa 23 [15 N. W. Rep. 578], and *Smith, Will of,* 52 Wis. 543 [8 N. W. Rep. 616; 9 N. W. Rep. 665; 38 Am. Rep. 756].

This question is also discussed at some length, and the same conclusions reached in the case of *Edwards* v. *Davis,* 11 Dec. Re. 876 (30 Bull. 283); *Joslyn* v. *Sedam,* 7 Dec. Re. 350 (2 Bull. 147).

If Mr. Baird had any delusions, peculiarities, eccentricities, or any foibles of any kind or character carried to an unreasonable extent, it is not important whether it was socialism, politics, religion, philosophy of energy, perpetual motion, or what not, the subject of his delusion is of no importance to court or jury. The only question is, whether

Wadsworth v. Purdy.

or not it was carried to such an extent as to amount to insanity, or a delusion that did affect his judgment and interfere with him exercising a rational judgment in the making of his will. And if the jury found that he had such delusions, and that these delusions did affect either the natural or selected objects of his bounty, then the verdict should have been against the will, and not in its favor, for it cannot be said that a man has testamentary capacity where insanity or delusions control his judgment in the disposition of his estate, and the court, instead of saying that these delusions were of no consequence, provided he had sufficient mental capacity to transact ordinary business and was capable of understanding the nature of the business in hand, should have added, also, the further condition, provided that these delusions did not affect either the natural or selected objects of his bounty, and did not distort his judgment and prevent him making a rational disposition of his property, and the failure of the court so to do was prejudicial error.

Coming now to the consideration of the question that this verdict is not sustained by sufficient evidence, while this court is loath to disturb a verdict in a will case, finding either for or against the validity of the will, yet we are of the opinion that Sec. 5865 Rev. Stat. requires the same review of the evidence in such cases as in all other cases. *Kettemann* v. *Metzger,* 13-23 O. C. C. 61 (3 N. S. 224).

A majority of this court is of the opinion that in view of the improper arguments in the cause and the error of the court in its charge, that the jury was misled thereby and that the verdict is not sustained by sufficient evidence and is against the manifest weight thereof, and the same ought to be submitted to another jury, under proper instruction, and with proper argument, but in view of the fact that it may be necessary to retry the case, this court refrains from further discussion of the evidence, for the reason that it might in some way prejudice or affect the judgment of another jury trying this cause, but for error in the charge, for error in failing to correct the argument of counsel, and not explaining to the jury then and there the only effect which could be given to the judgment of the probate court admitting this will to probate, and because the verdict is against the manifest weight of the evidence, the judgment of the common pleas court is reversed and the cause remanded to the common pleas court for new trial.

Exceptions of defendants in error noted.

**Taggart, J.,** concurs.

Cuyahoga County.

**Craine, J.,** dissents from the holding that the verdict is against the manifest weight of the evidence, but concurs in the reversal for the other two reasons assigned.