# DECEMBER TERM, 1876.

## William A. Hagany *v.* Leo Cohnen et al.

1. The act of January 9, 1871 (68 Ohio L. 6), conferring jurisdiction upon courts of common Pleas to appoint guardians of the property of persons incapable of taking care of and preserving their property, by reason of intemperance and habitual drunkenness, is not in conflict with the provision of section 8, article 4, of the constitution, defining the jurisdiction of probate courts.

2. Nor are the provisions of said act in violation of the fifth section of the first article of the constitution, which declares that "the right of trial by jury shall be inviolate."

·ERROR to the District Court of Hamilton county.

The Court of. Common Pleas of Hamilton county, under the provisions of the act of January 5, 1871 (68 Ohio L. 6), on the application of Leo Cohnen, appointed W. A. Coppick guardian of the property of William A. Hagany, upon satisfactory proof that, by reason of intemperance and habitual drunkenness, he was incapable of taking care of it.

On the hearing, Hagany, by his counsel, demanded a trial by jury, which demand the court refused.

The district court, on petition in error, affirmed the judgment and order of the common pleas.

On this case, it is insisted by the plaintiff in error, that the statute of January 5, 1871, entitled an act for the appointment of guardians of habitual drunkards, etc., under which the court of common pleas assumed to act, is in conflict with the constitution:

1. Because jurisdiction in such matter is, by the constitution, article 4, section 8, vested in the probate court exclusively.

2. Because no provision is made for a jury trial.

.John R. Van Seggern, for plaintiff in error:

I. The statute (68 Ohio L. 6), is unconstitutional and ·void because the legislature had no authority to vest the .appointment of a guardian in the common pleas court. The probate court has exclusive jurisdiction. Section 8, article 4, of the present constitution; section 5, article 3, of the ·old constitution; 19 Ohio, 357; *Morningstar* v. *Scully*, 15 Ohio, 363; *Sheldon* v. *Newton*, 3 Ohio St. 500; *Slate* v. *Maynard*, 14 Ills. 420; *Gibson* v. *Emerson*, 2 Eng. 173; *Chandler* v. *Nash*, 5 Mich. 409; 22 La. Ann. 91; *Gough* v. *Dorsey*, 27 Wis. 130; Cooley's Const. Lim. (3 ed.) 87, 117; *Henshaw* v. *Foster*, 9 Pick. 316; *Chalker* v. *Chalker*, 1 Conn. 79.

II. The statute is unconstitutional because it fails to provide for a trial by jury. *Bond* v. *Bond*, 2 Pick. 383; *Nor-*

*ton* v. *McLeary,* 8 Ohio St. 205; *Reckner* v. *Warner,* 22 Ohio St. 292; *Gaston* v. *Babcock,* 6 Wis. 508; 30 How. Pr. 451; *Strong* v. *Bichard,* 5 Conn. 357.

*Long, Kramer & Kramer,* for defendant in error, claimed that the statute is constitutional, and cited section 1 of article 4; section 4 of article 4; *Stevens* v. *The State,* 3 Ohio St. 453; *In re Collier,* 6 Ohio St. 55; 2 Ohio St. 223; 22 Ohio St. 190.

As to the second proposition of counsel for plaintiff in error, they cited and relied on *Schroyer* v. *Richmond,* 16 Ohio St. 455.

BY THE COURT. The provision in the constitution which, it is claimed, excludes the jurisdiction of the court of common pleas, is as follows: The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, etc., as may be provided by law.

The statute in question, which confers upon the court of common pleas jurisdiction to appoint guardians of the property of persons incapable of taking care of and preserving their property by reason of intemperance and habitual drunkenness, is not in conflict with the foregoing provisions of the constitution.

Nor is the statute in violation of section 5 of article 1, which provides that the right of trial by jury shall be inviolate. The right thus secured was such as was recognized by the common law. At common law the right of trial by jury did not exist in cases like unto those provided for in the statute. See *Schroyer* v. *Richmond,* 16 Ohio St. 455.

*Judgment affirmed.*