Parker, J.
• In this matter a proceeding in error is brought by William R. Stafford, Executor and Trustee, as plaintiff in error, against The American Missionary Association, a corporation of New York, and The American Board of Commissioners of ^Foreign Missions, a corporation of Massachusetts, to obtain-the renewal of an order and judgment of the probate court removing Mr. Stafford as executor and trustee, and a judgment of the court or common pleas in a proceeding in error based thereon, which court declined to disturb this judgment and order of the probate court.
It appears upon the record submitted that Mabel Crawford, deceased, late a resident of the city of Toledo, died testate, in this county, and that on May 22nd, 1891, her last will and testament was admitted to probate in the probate court of Tucas county, Ohio, and on the same day “On proper application and showing made to the court, letters testamentary on said estate were granted to Clay Crawford and William R. Stafford, executors named in the will of said decedent, without bond, as in said will provided,” and appraisers of the estate were appointed. The record discloses that in pursuance of -that appointment these executors and trustees made various *400 reports to that court and considerable business was there transacted; and, sometime in the year 1900, in consequence with their dissatisfaction with his administration of the estate, these defendants in error filed a motion in that court, asking for the removal of William R. Stafford as exefcutor and trustee, on the ground that he had refused to file accounts of his doings as executor and trustee, as required by the law of Ohio and an order of that court, and that because of his malfeasance in said office he was not a fit and suitable person to be entrusted with the management of said estate. The matter came on to be heard in the probate court, Mr. Stafford resisting the application, and a motion was submitted on his behalf by his attorney asking that the complaint be made more specific, definite and certain in that it set forth wherein he had been delinquent. That motion was overruled, and the conclusion of the court in overruling the motion is spoken of here arid assigned as one of the errors committed by the court. Then the matter came on to be heard upon the application, and some evidence was taken. Stafford was sworn as a witness and cross-examined on behalf of the complainant. In the course of this examination it came out that he had written a letter to one of his-counsel in reference to either his administration of the affairs of the estate or the action of the court upon some matters-pertaining to the estate, and he was asked by counsel for the-complainants, who were examining him, to produce that -letter,, and he declined to do so, on the ground that it was a privileged communication. The court ordered him to produce the letter, and upon his still refusing, the court announced that it did not care to hear any further evidence in the case but that it would remove Mr. Stafford, and an order was accordingly-entered removing him and providing for some other matters,, and that is complained of here.
, It is said that the court proceeded arbitrarily, without satisfactory evidence, and improperly, in that it was punishing this man for standing upon his right to not disclose or produce a-privileged communication. The journal entry, in part, reads-as follows:
. “After hearing partially said application and motion and' *401 the evidence, and upon refusal of said William R. Stafford to ■ comply with the order of the court to produce in evidence a letter written by said executor to his counsel, in relation to the subject matter under consideration and which communication said counsel claimed to be privileged, the court finds that said William R. Stafford, as such executor and trustee, is guilty of gross neglect of duty in his administration of said estate; that he has not administered the same to the best interest of said estate,'and that by reason thereof and his refusal to,disclose to the court his full action as such executor, as shown by letters written by him in the course of such administration of said estate, he, the said William R. Stafford, is an unsuitable , person to administer said trust.
“It is therefore ordered and adjudged by, the court that the said William R. Stafford be, and he is, removed from said office of executor and trustee of the estate and that the letters heretofore issued to him 'by this court as executor of said Mabel Crawford, deceased, be, and the same are hereby wholly revoked and set aside.”
It vippears from the will, which is a part of the record here, that Stafford had been nominated as one of the executors and ■trustees, and it is contended that the title to certain real estate lying in the state of Michigan, is, by force and virtue of that will, vested in him as trustee, and that this results independently of the action of the court in proceeding to issue to him letters testamentary in pursuance of his nomination in the will. The court, after what I have just read, proceeds further te> order that he shall render an account as executor and trustee of his conduct of the affairs of the estate; that he shall turn over all books, papers and property, to Clay Crawford, who is the other executor and trustee, and that he shall also execute and deliver to Clay Crawford, as such executor and trustee, a deed or deeds of these lands in the state of Michigan (and J believe, some lands elsewhere or some mining interests), conveying this property to Clay Crawford as executor; and with respect ■ to this part of fhe order, it is urged that if the court had the power to remove said Stafford as trustee, it had no power or authority to require him to divest him *402 self of the title to property which he derived through the will, and to convey it to Clay Crawford.
On the other hand, it is contended by the defendants in error that under the statute the probate court is given such exclusive and final jurisdiction in the matter of removing executors and trustees, as amounts to full discretionary authority and power in the premises, and that this is not subject to review in any other court, and that since the probate court has found, as set forth in the journal entry, that the trustee has been guilty of gross neglect of duty in the administration of- said estate and that he has not administered the same to the best interests of said estate, and that by reason thereof, as well as by his refusal to disclose the letter, he is an unsuitable person to administer said trust, that even though the court’s action might not have been justifiable if based entirely upon the declination to submit the letter to the inspection of the court, or to produce it, it cannot be questioned in another court by a proceeding brought to obtain a review and reversal, since the court had this full discretionary power and authority.
The constitution of this state prior to 1851, by its terms conferred upon the probate court exclusive jurisdiction of all probate matters. But it has been held under the constitution of 1851, that jurisdiction over probate matters may be conferred upon other courts as well, so that to determine now. whether or not the jurisdiction is exclusive, as contended, by counsel for defendants in error, we must consult the statutes rather than the constitution.
Section 524 of the Revised Statutes of Ohio provides:
“The probate court shall have exclusive jurisdiction except as hereinafter provided * * * to grant and revoke letters testamentary and of administration.”
It is contended on behalf of the defendants in error that this means exclusive and final jurisdiction, not simply exclusive, original jurisdiction, but exclusive jurisdiction in the strict sense of the terms; that no other court shall have jurisdiction over the matter, either original or by way of appeal or a proceeding in error, unless other provisions therefor shall be found in the statutes; and the court of common pleas took this view *403 of the statute, and \ye are of the opinion that that is a proper interpretation of the statute.
Still, it is contended on behalf of the defendants in error that it is otherwise provided in section 6334 of the Revised Statutes, i. e.:
“The probate court may accept the resignation of any trustee accounting therein, or who has been appointed thereby, and shall remove any such trustee, he having ten days notice thereof, for habitual drunkenness, neglect of his duties, incompetency, fraudulent conduct, or because the interests of the trust requires such removal, or upon the written application of more than one-half of the heirs, or next of kin or legatees having an interest in the estate so controlled by such trustee, but the trustee himself is not to be considered an heir, next of kin or legatee under such proceedings.”
And the section concludes with this proviso:
“Provided, no trustee under a will shall be removed upon such written application of said heirs, nexi of kin or legatees having an interest in such trust estate, unless for good cause.”
And it is insisted that this provision that removal shall not be made unless for good cause shown, amounts to a limitation upon the authority of the probate court in the premises, and that unless it shall appear that there was good cause shown for removal, the probate court has not this power to remove, or, in other words, the common pleas court, exercising jurisdiction conferred by section 6708 of the Revised Statutes, may proceed to review, vacate or modify such judgment or final order of the probate court.
But we find in the provisions of this section what we understand to be an authority vested in the probate court, as full and as complete and as free from any restrictions, to remove'a trustee for neglect of duties or incompetency, or fraudulent conduct, or because the interest of the trust property requires his removal, as is conferred upon the probate court to remove an executor under section 6017 of the Revised Statutes, saying nothing about the question of what the authority of the court might be if the record should state that it undertook to proceed distinctly and exclusively upon the complaint of an heir or legatee, it seems to us that the provision of the statute author- *404 i-zes the probate court in its discretion, to proceed upon its own motion to remove a trustee just as it may remove an executor under section 6017; and it is conceded by counsel for plaintiff in error that the authority of the probate court to remove an executor under section 6017, is complete and exclusive; and that if the court exercise its discretion, its action in the premises cannot be questioned by any appellate proceeding in-another court. That is distinctly held in a number of cases,the last case upon the subject being that of Monger v. Jeffries, 60 Ohio St., 149, the syllabus there reading:
■ "An order of the probate court removing an executor is not the subject of review on petition in error in the court of common pleas.”
The further contention on the part of the plaintiff in error here is, that since Mr. Stafford was not only an executor but a trustee, the authority of the probate court did not extend beyond removing him as executor; that the court was bound to allow him to retain his office as trustee.
,As I have indicated, in so far as his authority rests upon the letters testamentary that were issued to him, we are of the opinion that the authority of the probate court is full and' complete to remove him from his office of executor; that-the jurisdiction of the court in the premises is exclusive hr the sense that it is final and not subject to appeal or review on error. This view of the matter malees it unnecessary for us to inquire whether the court erred in its order refusing to-require the complainants to make their complaint more specific and definite. It also makes it unnecessary for us to inquire'into another question submitted by the plaintiff in error, that is to say, whether or not one-half of the legatees joined in this-complaint, which seems to be required by section 6334, if theeourt undertakes to proceed altogether upon the complaint of legatees or heirs.
After looking carefully over this order, we think there is-' sufficient in it to show that the court was undertaking to exercise and did exercise its authority to act upon its own motion, in what it conceived to be the interest of the estate, in removing this trustee, and that its action in that regard is not subject to-review. As I have said, plaintiff in -error also complains of *405 the further order of the court requiring Mr. Stafford to convey this -property in Michigan to the’ remaining executor and' trustee. We have not seen fit to examine that question very closely, because we did not feel called upon to pass upon it;, we do not think it necessary. If the court has exceeded its jurisdiction in undertaking to require the conveyance of property lying in another state, certainly its order, to that extent, is a nullity and can effect nothing. If Mr. Stafford as trasteéis vested with the title to any property in another state by virtue of a will and independently of his letters as executor and trustee, then the order of the court in so far as it undertakes-to divest that title, would be a nullity and entirely ineffective, and we do not think b would be prejudicial further than that it might possibly cast a cloud over- the title of the trustee. Whether he has a title that cannot’be disturbed by the order of the probate court of this county, we do not undertake t©say; we simply suggest that if he has such a title, the order of the probate court would not affect it. Finding no error in the action of the probate court or in the action of the court of com-; mon pleas in declining to disturb the order and judgment ot the probate court, the judgment of the courts below will be affirmed.
■ Charles G. Wilson and B. F. Bacon, for Plaintiff in Error.
Rhoades & Rhoades, for Defendants in Error.

Note. Charles G. Wilson, for Plaintiff in Error:
- The first error claimed is the over-ruling of the motion for an-order requiring the defendants in error to specify and set forth ift what particular or particulars Mr. Stafford had been guilty of" malfeasance in his office. The general rule is that it is not sufficient^ to'charge mismanagement, misapplication of funds or maladministration in general terms, but the facts must be Stated which- constitute the-allege! cause for removal, ist Woerner’s Am. Law Adm., 272; White v. Spaulding, 50 Mich., 22; Fox v. Keister, 7 N. P., 327.
"It is error in the probate court to overrule a motion to make more definite and certain a general charge of malfeasance by an executor in-his office, contained in an application for his removal. Fox, Exr. v. Keister, 7 N. P., 327.
2. The second error assigned is the removal of Stafford as executor ánd trustee because he refused to produce in evidence a letter writte® *406 by him to his attorney, the same being a written communication by a client as such, to his attorney as such.
Sec. 5241 provides as follows: The following persons shall not testify in certain respects, (1) An attorney, concerning a communication , made to him by his client in that relation, etc.
The general rule of jurisprudence is, that where an attorney is employed by a client professionally, to transact professional business, all the communications that pass between the client and the attorney in ishe course and for the purpose of that business are privileged com-: munications, and that the privilege is the privilege of the client and not of the attorney. Duttenhofer v. State, 34 Ohio St., 91.
The privilege applies to the communication; and it is immaterial whether the client is or is not a party to the action in which the question arisas ,or whether the disclosure is sought from the client or his legal adviser. Wharton on Ev., § 588; Stephens on Ev., art., 115; Herring v. Globery, 1 Phil., 91; Pearse v. Pearse, 1 DeGex & Smale, 25.
From the very necessities of the case the client must be the sole judge of the character of the communication sought to be reached. For, to require him to divulge it in order that it might be seen whether or not it came within the rule, would be to destroy the rule itself. •
3. As to the claim that the order of the probate court for the removal of an executor and trustee is not reviewable, on the authority of Monger v. Jeffries, 62 Ohio St., 142.
The power to remove an executor is given to the probate court by sec. 6017. The power to remove a trustee is given by sec. 6334. As to the uestion of the removal of a testamentary trustee, Stafford was appon».«.d trustee by the will of Mabel Crawford. All her real and personal estate was willed to him in fee simple as such trustee, and he was authorized to sell, make deeds, etc., and was not required to give bond.
The power of removal granted by Sec. 6334, R. S., is far different from that granted by Sec. 6017, under which the case of Monger v. Jeffries was decided. The Supreme Court in Monger v. Jeffries based its decision as far as the statute is concerned, on these words alone, contained in Sec. 6017. ‘The probate court may at any time remove any executor or administrator for * * * or any other cause which in the opinion of the court renders it for the interest of the estate that such executor or administrator be removed.”
. The decision of Monger v. Jeffries, is, at most, based upon two reasons: (1) That section 6017 vests a discretionary power in the probate court, the exercise of which will not be reviewed on error. (2) That the order removing an executor or administrator loes not affect property rights.
The first of these reasons does not apply to sec. 6334. The second of these reasons does not apply to the facts of this case. 1
Sec. 6017, provides that the probate court may remove “for any cause which in the opinion of the court renders it for the interest of the estate, etc.” Sec. 6334, provides that the probate court “shall remove because the interest of the estate requires such removal.” This is a question of fact, which is issuable and which is to be tried as any other question of fact, and decided upon evidence and upon the application of established rules of law. The first reason upon which Monger v. Jeffries, was decided therefore does not apply.
*407 Stafford by the will of Mabel Crawford became vested with the legal title in fee simple of all the real property belonging to that estate, with full power to sell and convey the same. The order of the' probate court removing Stafford orders him to. “forthwith execute and deliver to said Clay Crawford, as such executor and trustee, such deed or deeds as slhall fully vest in said Clay Crawfor 1 all the estate, right, title and interest heretofore held by said W. R. Stafford as such executor and trustee, in any and all real estate or interest therein belonging to the estate of the said Mabel Crawford * * * and that in default of said deed or deeds by said Stafford to said Clay Crawford, as such executor and trustee, this decree operates as such conveyance.” It therefore seems clear that the second reason in Monger v. Jeffries, does not apply to the case at bar.
Therefore the case of Monger v. Jeffries does not apply to the case at bar as far as the same affects the rights of plaintiff in error as trustee, and that the common pleas had, and this court has, jurisdiction to review the action of the probate court herein.
4. The application of the defendant in error for the removal of Stafford as trustee, is made as “legatees under the last will and testament of Mabel Crawford, deceased.” Sec. 6334 provides that the probate court shall remove a trustee “upon the written application of more than one-half of the * * * legatees having an interest in the estate etc. * * * provided, no trustee appointed under a will shall be removed upon the written application of said * * * legatees having an interest in such trust estate unless for good cause.” Contended (1) That defendants in error made their application in writing as legatees for the removal of Stafford as trustee. (2) That they do not set foj-tli or show that they have any interest in the trust estate — their legacies, may have been paid long before they made their application. (3) The testimony shows that the defendants in error were not and are not one-half of the legatees under said will. (4) The legislature in thig section is careful to provide against any arbitrary or discretionary action of the court; and provides that the removal shall only be for good cause.
Suggested that it can not be held that if there were no evidence or not sufficient evidence “of good cause” for removal, that the action of a probate court in removing a trustee could not be reviewed' on error.
. (5) As to the question of the jurisdiction of the circuit court to review the action of the probate court in removing the plaintiff in error as executor, the ground of the objection to such jurisdiction is that the statute vests a discretionary power of removal in the probate court.
By discretion, when applied to a court of justice, is meant sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague or fanciful, but legal and regular. Lord Mansfield in Rex v. Wilkes, 4 Burr., 2539.
While the exercise of a discretion is not ordinarily reviewable on error, nevertheless when it is apparent from the record that the court in the exercise of its discretionary power acts arbitrarily and in violation of an established principle or rule of law such action, is' reviewabie. Fowble v. Rayberg, 4 Ohio, 45, 61, 62; Grandolfo v. Ohio, 11 Ohio St., 114-118.
*408 When the exercise of such discretion is arbitrary, tyrannical and oppressive, the same may be reviewed on error. Also when the exercise vof such discretion is manifestly and grossly erroneous, error will lie. Hurley v. Ohio, 6 Ohio, 400-5.
Comended that in the case at bar the action of the probate court wsa arbitrary and in violation of well known rules of law. The record clearly shows that plaintiff in error was removed because he refused to produce in evidence a privileged communication. By this act the probate court gave out to the world that an executor would be removed from his office and disgraced unless he divested himself of a privilege which all other persons 'had.
.6. The probate court has no exclusive jurisdiction in all probate and testamentary matters. The jurisdiction conferred by Sec. 8 Art. 4, of the constitution .is not exclusive. The Supreme Court has held in Hangany v. Cohnen, 29 Ohio St. 82, that the act of January 9, 1871, confering jurisdiction in the common pleas to appoint guardians for -habitual drunkards was not in conflict with the constitution, because Sec. 8 ters, This question again came before the Supreme Court in State v. Archibald, 52 Ohio St., 1, in the consideration of the act of May 21st, .1894, establishing a court of insolvency, 9 Ohio., 844, holding that this act was not in violation of Sec. 8, Art., 4, of the constitution.- -
The cases of Gregory, Adm’r., 19 Ohio, 357, and Mosier v. Harmon, 29 Ohio St., 220, are discussed and disposed of, as authorities on this subject, in Missionary Society v. Ely, 56 Ohio St., 405-410. The claim of exclusive jurisdiction then, must be based entirely upon Sec. 524, R; S,. which provides: "The probate court shall have exclusive juris•diction, except as hereinafter provided. * * Second, to grant and revoke letters testamentary and of administration. * * *
Contended, that there is no right here given-, exclusive or otherwise, to remove testamentary trustees. No equity jurisdiction, exclusive or -otherwise, is conferred by this section to order and decree a conveyance by a testamentary trustee, of bequested real estate, or power to decree the fee simple title out of such trustee, and by decree transfer it to and vest it in another.
' This claimed exclusive jurisdiction is purely a creation of legislative «enactment. The same power that created it can abrogate it or modify it.
Sec, 6708, R. S., provides: “A judgment rendered or final order made by a probate court * * * may be reversed, vacated or modified by the ■ court of common pleas.” There is no limitation to the scope of this section, and the case at bar comes both within the letter and the spirit of the act. For here there is both a final order and a judgment. Baker v. Lehman; Wright's R., 522; Teaff v. Hewitt, 1 Ohio St., 511; Evans v. Dunn, 26 Ohio St., 439.
' There was also a final judgment or decree divesting plaintiff in error of his legal title in fee simple to all the real estate which vested -in him by the will. The probate court has no power or jurisdiction to'make such a decree. Stafford ’had legal title to this property in fee simple. As legatee of a special legacy, and especially as one of the residuary legatees, he had a particular interest in the just and proper •administration of this trust, so that his residuary rights might be protected. This was a “substantial right” — the right to care for bargain, *409 sell and convey this property, so much of the proceeds of which would belong to him in the end. Again the removal of Stafford for misconduct and malfeasance as executor, and also as trustee, would deprive him, not only of all future compensation, but also of the right to receive compensation for services already performed by him — and this is surely -a “substantial right” — a substantial right of property — and this applies to both his office of executor and also of trustee.