THE STATE, EX REL. SENEY, *v.* THE TOLEDO GARDENERS' EXCHANGE CO. ET AL.

*Quo warranto — Right of trial by jury.*

In a proceeding in *quo warranto* neither party is entitled as a matter of right to a trial by jury.

(Decided November 6, 1919.)

IN QUO WARRANTO: Court of Appeals for Lucas county.

ON APPLICATION of defendants for a trial by jury.

*Mr. Allen J. Seney,* prosecuting attorney, for plaintiff.

*Messrs. Marshall & Fraser; Messrs. Ritter & Gardner* and *Mr. P. R. Taylor,* for defendants.

RICHARDS, J. This is an original action in *quo warranto* commenced in this court by the State of Ohio, on relation of the prosecuting attorney, against the defendant corporation and its directors, under Section 12304, General Code, the object and purpose of which is to procure an order forfeiting the corporate rights and franchise of the corporation and ordering its dissolution, on the claim that the defendants have entered into a conspiracy in restraint of trade and in violation of the Valentine Anti-trust Law.

The defendants have demanded that a jury be impaneled to try the issues of fact, and the right to a jury in this case has been argued by counsel, and many authorities have been cited, some of which

OHIO APPELLATE REPORTS.        251

App.]      State, ex rel., *v.* Toledo Gardeners' Exch. Co.

hold that the right to a jury exists while others deny that right. It would not be possible to reconcile the reasoning or conclusions of the courts on this question. We have given a very thorough and exhaustive examination to the authorities cited, and to many others, and as a result of such examination have reached the conclusion that in Ohio neither party is entitled, as of right, to a trial by jury in a proceeding in *quo warranto*. Counsel do not contend that Section 11379, General Code, covers the case at bar, which is the general statute authorizing trial by juries and provides that issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury. The right, however, is claimed to exist under Section 5, Article I of the Constitution of Ohio, which provides that the right of trial by jury shall be inviolate. If the right to a trial by jury exists in this case it must be by virtue of this constitutional provision. The same language was contained in the Ohio Constitution adopted in 1802, and has been construed in various reported decisions. This much seems plain, that the constitutional provision created no new right but was designed only to safeguard a right already existing. That right was the right of trial by jury as it was recognized by the common law at the time of the adoption of the first constitution of Ohio. (*Dunn et al.* v. *Kanmacher,* 26 Ohio St., 497, 502; *Hagany* v. *Cohnen,* 29 Ohio St., 82, 84, and *Mason* v. *State, ex rel. McCoy,* 58 Ohio St., 30, 55.) The inquiry thus leads us to the necessity of determining whether at common law the right to a trial by jury existed in a proceeding in *quo warranto.* The

252    OHIO APPELLATE REPORTS.

State, ex rel., v. Toledo Gardeners' Exch. Co.  [13 Ohio

matter has been discussed in a great many author-ities, a number of which say that the question is a mooted one and not free from doubt. The most recent authority which we have seen is also the most concise. It was published in 1919, 22 Standard Encyclopedia of Procedure, 85, and disposes of the matter in a very brief compass, in the following language:

"At common law, neither the relator nor the respondent was entitled as a matter of right to a jury trial in *quo warranto* proceedings. Such right was, however, expressly conferred by the act of parliament in 1730 known as 3 George II, ch. 25, and in a great many jurisdictions, at the present time, the parties have a right to have a jury pass upon questions of fact in such proceedings, but in other states a jury is not demandable as a right."

The very fact that it was necessary in England for parliament to enact a statute in order to award the right of trial by jury in *quo warranto* proceedings indicates that such right did not exist in the absence of the statute, and this argument has been urged in many textbooks and in numerous decisions of the courts.

In *Mason v. State, ex rel. McCoy, supra,* it was held that in an action in *quo warranto* to try the title to an office the right to trial by jury did not exist, but it was pointed out in the case that no property right was involved. It is not easy to see how any property right is involved in the case at bar, the object of the action being only to determine the right of the corporation to exist. If that right should be determined adversely to the corporation, its property would not be confiscated, nor appropri-

OHIO APPELLATE REPORTS.    253

App.]    State, ex rel., *v.* Toledo Gardeners' Exch. Co.

ated, but would pass to the stockholders entitled thereto.

Our attention is called to *Salt Creek Val. Turnpike Co.* v. *Parks,* 50 Ohio St., 568. This case was not, however, one in *quo warranto,* and the kind of franchise that was under discussion by the court was one which gave to the company the right to take tolls upon a turnpike, and this right was, of course, held to have the attributes of property. In considering the case as an entirety the language of the court must be construed in connection with the facts shown by the record.

The case of *Ohio Turnpike Co.* v. *Waechter,* 2 C. C., N. S., 21, has been cited. The opinion covers three cases, only one of which was in *quo warranto,* and very little of the opinion is devoted to the *quo warranto* case. It appears, however, from an examination of the opinion, that no jury had been in fact demanded and that the court was only declaring *sua sponte* what it would do if one had been demanded. The opinion of the court, in so far as it discussed the right to trial by jury was, of course, *obiter dictum,* and the syllabus only goes so far as to announce the proposition, which of course is indisputable, that the right of the court to impanel a jury to try issues of fact in a *quo warranto* case is inherent, the same as in all other cases. That pronouncement is far from holding that either party is, as a matter of right, entitled to a trial by jury in a proceeding in *quo warranto,* and it only decides that the court would have inherent power to try an issue of fact with the aid of a jury. In the case just cited, as in *Turnpike Co.* v. *Parks, supra,* the franchise under discussion was one in-

volving the right to take toll, which is an altogether different thing from a franchise which gives a corporation the right to existence. The latter is a mere license from the state and under the constitution, may, in a proper case, be revoked by the state. The distinction between the corporate franchise, which is the right to be or to exist, and the franchise of a corporation, which may be acquired after it has the right to exist and is in reality a franchise to do rather than one to be, is well pointed out in *Blackrock Copper Mining & Milling Co.* v. *Tingey,* 34 Utah, 369.

If a jury trial can be demanded as a matter of right in a *quo warranto* case, it is a somewhat singular thing that in the more than one hundred and fifteen years since the formation of the state, during all which time the right to bring a proceeding in *quo warranto* has existed, so far as we are aware no reported case exists in which a trial by jury has been awarded in that kind of action. If the right to a jury in that kind of case exists, another singular thing is that the constitution should authorize the commencement of such an action in the supreme court of the state with no provision for the impaneling of a jury in that court.

For the reasons given the demand for a trial by jury will be denied.

*Application denied.*

KINKADE and CHITTENDEN, JJ., concur.