Dear Representative Graves,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
What is the applicable rate of reimbursement to be paid formileage to out-of-state and out-of-county witnesses pursuant toprovisions of 22 O.S. 718 (1989) and 29 O.S. 81 and 29O.S. 82 (1981)?
¶ 1 Your request indicates some confusion between two statutory provisions. One provision of the criminal procedure code, 22O.S. 718(B) (1989), provides that a witness who appears from another state to testify in a criminal trial or proceeding pursuant to a subpoena shall be reimbursed for travel and expenses at rates not to exceed those prescribed by statute for interstate travel of state employees. Reimbursement for out-of-state transportation costs is codified at 74 O.S. 500.11
(1981), in the State Travel Reimbursement Act, which statute provides reimbursement to state employees for transportation by privately owned vehicles used in out of state travel shall not exceed the cost of coach airplane fare.
¶ 2 The second part of the criminal procedure code provision,22 O.S. 718(C) (1989), provides for reimbursement for travel for out-of-county witnesses at a rate not to exceed the rate of reimbursement specified in the State Travel Reimbursement Act. That act, codified at 74 O.S. 500.1 (1981) et seq., as amended, authorizes reimbursement for use of a privately owned vehicle at a rate of twenty-four cents per mile. 74 O.S. 500.4(C) (1989).
¶ 3 Thus, under the criminal procedure code, witnesses appearing from out-of-state are reimbursed at a rate not to exceed coach airplane fare, and witnesses appearing out-of-county are reimbursed at a rate not to exceed twenty-four cents per mile. However, two statutes in title 28, the general witness fee statutes, provide for a different rate of reimbursement.
¶ 4 First, 28 O.S. 81 (1981) states that witnesses who are subpoenaed shall receive a fee of fifteen cents for each mile actually and necessarily traveled in going to and returning from the place of attendance. Under 28 O.S. 82 (1981), witnesses appearing for the state in any criminal proceeding are paid in accordance with 28 O.S. 81 (1981), or fifteen cents per mile.
¶ 5 The Oklahoma Supreme Court has stated:
 Whenever it is possible to construe two acts by giving effect to both without doing violence to either, such construction is preferred over one that may produce conflict between them.
Grand River Dam Authority v. State, 645 P.2d 1011, 1019 (Okla. 1982).
¶ 6 Further, a long-standing rule of statutory construction is that a specific statute controls over a general one. City ofTulsa v. Smittle, 702 P.2d 367, 371 (Okla. 1985). Since the criminal procedure statutes are specifically applicable to out-of-state and out-of-county witnesses subpoenaed to appear in a criminal proceeding, the rate of reimbursement in the title 22 provisions would control. Adoption of this reasoning allows harmonious construction of the two statutory provisions.
¶ 7 Attorney General Opinion No. 64-310, to the Honorable Lewis Raba, County Attorney, although addressing a similar question, was not considered in responding to your inquiry because the statutes construed in that opinion have been either repealed or significantly amended.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the applicable rate of reimbursement to be paid formileage to out-of-state witnesses appearing pursuant to 22 O.S.718 (1989) is at a rate not to exceed coach airplane fare andto out-of-county witnesses is at twenty-four cents per mile.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ELIZABETH J. BRADFORD ASSISTANT ATTORNEY GENERAL