## RICHTMYER v. MORSS.

### March, 1867.

Where a building is erected upon the land of one person by another person, without any authority or agreement in respect thereto, it becomes a part of the realty and passes with a conveyance of the land; and to take the case out of this principle, on the ground that the building was erected by a tenant for purposes of trade and business, it is not enough to show that it was occupied for the purposes of business, but the existence of the relation of tenant must be made out by express proof or clear implication, and it must also be shown that the building was erected by the tenant for the purposes of trade or business, and that he exercised his right of removal during the term.*

John G. Richtmyer sued Burton G. Morss, Luman Reed, and Roman H. Gleason, in the supreme court, to recover the value of a certain building located on the lands of the defend-

* See Voorhis v. McGinnis, 48 N. Y. 278, reversing 46 Barb. 278; Potter v. Cromwell, 40 N. Y. 287.

.ants, which he claimed as owner, and which was taken possession of and removed by defendants. The building was erected by one Vroman in the fall of 1849, at which time the land upon which it was erected was owned by Alonzo C. Paige and others. It was a good frame building, as described by the plaintiff, fifteen by sixteen feet, ten feet posts, nicely inclosed with pine siding, pine shingles, a good cornice on one end, painted white, with two coats; one door outside and one inside; two windows, one in the front end and one in the side, and a window in the back end; there was a partition in it lathed and plastered, counter and shelves in the front part of the building. The building stood on a foundation of loose stones, with a back chimney in it. The plaintiff purchased it on November 21, 1859, having previously occupied it for six years. The defendants removed it in December, 1860. The plaintiff testified he did not know by whose authority the shop was built there; did not know for whose benefit Vroman built it; he did not know that Vroman occupied as tenant of any body when he erected the building.

The defendants then proved that on June 16, 1860, they entered into a written contract with Paige and Potter, then the owners of the land upon which said building was located, and agreed to pay therefor the sum of two thousand five hundred dollars, on the execution of a good and sufficient deed therefor, and that the defendants took possession of said land under said contract. That they were in possession under that contract at the time the shop was removed; that there were several other buildings on this lot at the time they bought, and the defendants took possession of the whole lot and all the buildings, including this shop; that the defendants subsequently received a deed for said premises pursuant to the terms of their contract; that the defendants have occupied all the premises since the contract to them.

The judge charged the jury that as matter of law the plaintiff was entitled to recover, to which charge the counsel for the defendants then and there duly excepted. The judge further charged that the only question for the jury to consider was the question of damages, and to this the defendants also excepted.

*The supreme court* relied on the cases of Smith *v.* Benson and Ombony *v.* Jones, and held that there was reason to infer, from length of time, in connection with other circumstances, that the building was there by permission of the owners of the land.

*S. L. Mayham*, attorney for defendants, appellants;—Cited Smith *v.* Benson, 1 *Hill*, 178; Buckley *v.* Buckley, 11 *Barb.* 63; Fisher *v.* Saffer, 1 *E. D. Smith*, 611; Mott *v.* Palmer, 1 *N. Y.* (1 *Comst.*) 564; Godard *v.* Gould, 14 *Barb.* 662; Fryatt *v.* Sullivan Co., 5 *Hill*, 116; 11 *W.* 54; 1 *Cow.* 3 ed. 322; Mc-Laughlin *v.* Waite, 9 *Id.* 670; 13 *How. Pr.* 219; Dolsen *v.* Arnold, 10 *Id.* 528; Fitzgerald *v.* Alexander, 19 *Wend.* 402; Small *v.* Smith, 1 *Den.* 583.

*Miller & Doyle*, for plaintiff, respondent;—Cited Ombony *v.* Jones, 19 *N. Y.* 234; 1 *Hill*, 178; 39 *Me.* (4 *Heath*), 519; 19 *Conn.* 154; 10 *Barb.* 500; 1 *Comst.* 564; 4 *Coke*, 63; 3 *Mc-Cord*, 533; 8 *Mass.* 411; 1 *Fairf.* 429; Mott *v.* Palmer, 1 *N. Y.* (1 *Comst.*) 580; Viele *v.* Troy & Boston R. R. Co., 20 *N. Y.* 184; Marine Bank *v.* Clements, 31 *Id.* 43; Dows *v.* Rush, 28 *Barb.* 180.

DAVIES, Ch. J. [After stating the above facts.]—I think the learned judge at the circuit was in error in holding, as a matter of law, that upon the testimony the plaintiff was entitled to recover. The testimony showed, in brief, that the plaintiff had become the purchaser of a building erected upon land owned by the defendants, and that the defendants had taken possession of the building and removed it, as they clearly had a right to do if it was attached to the freehold, and passed under the contract and conveyance to them. That it did so pass is established by authority. Mott *v.* Palmer, 1 *N. Y.* (1 *Comst.*) 564. In that case Judge BRONSON said: "The word land includes not only the soil, but everything attached to it, whether attached by the course of nature, as trees, herbage, and water, or by the hand of man, as buildings and fences. This is but common learning; and there is no more room for question that a grant of land, *eo nomine*, will carry buildings and

fences, than there is that it will carry growing trees and herbage upon, or mines and quarries in the ground."

The cases relied upon to take this case out of this well-recognized and firmly-established rule of law, do not apply to the facts as proven on the trial of this action.

In the first place, it was not established that this building was erected upon any agreement between Vroman and the then owners of the fee of the land, that it was to be considered strictly a personal chattel. Second, it was not proven that the building was erected by a tenant, for the purposes of his trade and business, or that the relation of landlord and tenant ever existed between Vroman and the defendants' grantors, or between them and the plaintiff. The first proposition was necessary to be established to make applicable the doctrine of the case of Smith *v.* Benson, 1 *Hill*, 176. In that case, COWEN, J., said: "Thus both parties agreed to consider it (the building in question) as in a state of severance from the freehold; and no one had ever thought of its being so fixed as to be irremovable. *Prima facie*, such a building would be a fixture, and would not be removable. The legal effect of putting it on another's land would be to make it a part of the freehold. But the parties concerned may control the legal effect of any transaction between them by an express agreement. They have in effect stipulated that the placing this building on the ground should work nothing more toward changing its nature than if it had been the loose timber of the house, instead of the house itself. The law often implies an agreement of nearly the same character from the relation of lessor and lessee, or tenant and remainder-man; and surely, the parties may, by express agreement, do the same thing, and even more."

Equally inapplicable is the doctrine of Ombony *v.* Jones, 19 *N. Y.* 234, as the second proposition above stated was not established by proof. The rule to be gathered from the case is there stated thus by Judge GROVER: "That a tenant may remove, during his term, all erections made by him for the purpose of trade that can be removed without injury to the land, or something attached thereto."

But in the case at bar no tenant sought to exercise such right during his term. There is an utter failure to establish

the first foundation for invoking the aid of such a principle, viz: that the relation of tenant at any time existed. When that fact was proven, it then would have been needful to show that the building in question was erected by the tenant for the purposes of trade or his business, and that he exercised his right of removal during his term.

Upon the facts proven upon this trial, there can be no doubt that the defendants were the owners of the building in controversy, and it follows that the plaintiff is not entitled to recover its value. The learned judge erred in charging the jury that, as a matter of law upon the facts proven, the plaintiff was entitled to recover.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

PARKER, J.—If the building in question is to be deemed to have been a part of the realty, the plaintiff was not entitled to recover for its appropriation by the defendants.

It is undisputed that Vroman, who built it, was not the owner of the land on which it was built, either in fee or as a tenant for life or years; nor is there any evidence tending to show that he built it pursuant to any agreement or understanding whatever with the owner of the land. So far as appears, he was a trespasser in erecting it upon the land where it was placed.

Under this state of facts, there can be no doubt that it became, when erected, a part of the land on which it was erected, and thenceforth real and not personal estate. Smith v. Benson, 1 *Hill*, 176; Miller v. Plumb, 6 *Cow.* 665; Ford v. Cobb, 20 *N. Y.* 344; Murdock v. Gifford, 18 *Id.* 28; Snedeker v. Warring, 12 *N. Y.* (2 *Kern.*) 170; Ombony v. Jones, 19 *N. Y.* 234. It was sufficiently fixed to the freehold. Smith v. Benson, *supra;* Goodrich v. Jones, 2 *Hill*, 142; Bishop v. Bishop, 11 *N. Y.* 123; Mott v. Palmer, 1 *N. Y.* (1 *Comst.*) 564.

There can be no doubt that as between vendor and vendee it would be held to be real estate, and pass by the deed of the land. The same rule must apply as between these parties.

Nothing occurred after the erection that changed the property from real to personal. All that the plaintiff swears to in

reference to his interview with defendant Reed, comes far short of producing such effect. It may be said that it shows an admission that plaintiff was entitled to pay for the building. If any admission is shown, it is not that plaintiff was entitled to pay from defendants, but from their grantors, which was equivalent to a claim of ownership, as between defendants and such grantors.

What the plaintiff says he told Luman Reed in regard to his conversation with John Reed, is no evidence of such conversation with John, for he does not testify that he said it.

I am unable to see any legal ground to recover, and am of the opinion that the judgment appealed from should be reversed, and a new trial ordered.

All the judges concurred, except PORTER, J.

Judgment reversed, and new trial ordered.