DANIEL SULLIVAN *et ux vs.* JOHN CARBERRY *et al.*

Washington. Decided July 21, 1877.

*Trespass.*

Where a tenant at will occupies a house of his own on the land of another and does not remove it within a reasonable time after his tenancy terminates, and after notice and request to do so, the owner of the land will not be a trespasser for entering and taking possession of the house.

ON REPORT.

TRESPASS.

*A. McNichol,* for the plaintiffs.

*W. Freeman, jr.,* for the defendants.

APPLETON, C. J. The female plaintiff having purchased a house, moved it on to the land of William Freeman, but without his consent. The placing the house on the land of another, without consent, was a trespass. The building, therefore, *prima facie*, became the property of the owner of the soil. *Bonney* v. *Foss*, 62 Maine, 248. *Thayer* v. *Wright*, 4 Denio, 180. *Ritchmeyer* v. *Morss*, 3 Keyes, 349. *Cleaver* v. *Culloden*, 15 Up. Can. Q. B. 582.

William Freeman conveyed the premises upon which the house stood to the defendant Carberry, who brought an action for use and occupation against plaintiff on which he recovered judgment June 12, 1869. After the recovery of judgment he repeatedly requested the plaintiffs to remove the house, offering, if done, to discharge the judgment recovered. The plaintiffs declining or refusing to remove the building, the defendants took possession of the same, for doing which this action of trespass was brought.

The plaintiffs must be regarded as having been the tenants of Carberry, as he owned the premises and recovered judgment for rent. When the right to remove fixtures exists in the person erecting the same, this right must be exercised during the term of the tenant, and if this is not done, the right to remove is lost. *Davis* v. *Buffum*, 51 Maine, 160. Such is the general rule.

In the case at bar the plaintiffs at best were tenants at will or for an uncertain period. Not knowing when their rights would terminate, they would have a reasonable time after such termination in which to remove any fixtures they might have erected upon the land. *Howard* v. *Fessenden*, 14 Allen, 124. *Burk* v. *Hollis*, 98 Mass. 55. *Talbot* v. *Whipple*, 14 Allen, 177.

The plaintiffs have been repeatedly urged to remove the building in question after the defendants had terminated any supposed right of the plaintiffs. Ample time has been given them in which it might have been done. The defendants were under no obligation to remove it for them or to find a place upon which to place it after such removal. Nor were they obliged to permit the plaintiffs to occupy their land indefinitely.

*Plaintiffs nonsuit.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.