The Lyons National Bank, Appellant, *v.* George H. Shuler, Individually and as Executor of and Trustee under the Will of Magdalena Shuler, Deceased, et al., Respondents, and Dorothea Frank et al., Appellants.

Equity — partition — when owner of land, who seeks, in an action of partition, to establish his title against a person in peaceable possession of such land, but under a defective title, must reimburse occupant for permanent improvements.

When a person in peaceable possession of real property under claim of lawful title, but really under a defective title, has, in good faith, made permanent improvements, the true owner, who seeks the aid of equity to establish his own title, may be compelled to reimburse the occupant for his expenditures. The three important elements underlying the award of relief are those of the good faith and the innocent mistake of the purchaser, and that the plaintiff is in a court of equity asking its aid. Each case is, necessarily, governed by its peculiar facts.

A testamentary trustee, acting under a power of sale conferred by the will of his testatrix, conveyed land owned by her for the full value thereof to a purchaser acting in good faith upon the assumption that the trustee had the right to convey a legal title. The purchaser conveyed to another who entered into possession of such land under claim of lawful title and, with the knowledge of the heirs of testatrix and of the plaintiff, a judgment creditor of three of her sons, restored and made valuable a milling property on such land. Thereafter such judgment creditor caused execution to be issued, and purchased the interest of said heirs in said land at the sheriff's sale thereof. Later such judgment creditor began an action for a partition of such property, claiming that testatrix's devise thereof was invalid and void; that the trustee's conveyance thereof transferred no title, and that, through its purchase of the interest of three of the sons of testatrix, it was the owner of three-fifths of

the property in question. *Held*, that, although the trust was invalid and the authority of the trustee fell with it, the court is warranted, in the exercise of its equitable powers, in allowing compensation to the grantee of the purchaser, under the trustee's deed, for the value of the improvements placed upon the property, so far as they enhanced the value of the land.

*Lyons Nat. Bank* v. *Shuler*, 131 App. Div. 926, affirmed.

(Argued October 18, 1910; decided October 28, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 22, 1909, affirming a judgment in favor of respondents herein entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thad Collins, Jr., T. W. Collins* and *D. S. Rude* for appellants. The milling company and its mortgagees took nothing by their deeds and mortgages. (*Bank* v. *Shuler*, 115 App. Div. 859.) The plaintiff does not waive any legal right by coming into equity. (*Bank* v. *Shuler*, 115 App. Div. 859; *Satterlee* v. *Kobbe*, 173 N. Y. 91; *Rice* v. *Dewey*, 54 Barb. 455; *McPherson* v. *Rollins*, 107 N. Y. 316; *Mitchell* v. *Smith*, 53 N. Y. 413; *McFadden* v. *Allen*, 134 N. Y. 489; *Chandler* v. *Hammell*, 57 App. Div. 305.) The respondents are not entitled to any allowance for betterments. (*Mickles* v. *Dillaye*, 17 N. Y. 80; *Miner* v. *Beekman*, 50 N. Y. 337; *Thomas* v. *Evans*, 105 N. Y. 601; *Ford* v. *Knapp*, 102 N. Y. 135; *Cosgriff* v. *Foss*, 153 N. Y. 104; *Satterlee* v. *Kobbe*, 173 N. Y. 91; *Bohn* v. *Hatch*, 133 N. Y. 64; *Acer* v. *Westcott*, 46 N. Y. 384.) Plaintiff is not estopped. (*Greene* v. *Smith*, 160 N. Y. 533; *N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132; *Thompson* v. *Simpson*, 128 N. Y. 270; *Jackson* v. *Bradford*, 4 Wend. 619; *Campbell* v. *Hall*, 16 N. Y. 575; *Masten* v. *Olcott*, 101 N. Y. 152; *Union D. S. I.* v. *Wilmot*, 94 N. Y. 221; *Viele* v. *Judson*, 82 N. Y. 32.) The allowance for improvements is excessive. (*Cosgriff* v. *Foss*, 152 N. Y. 104.) The appellants should have been allowed the value of the use and occupation

of the property against improvements. (*McFadden* v. *Allen*, 134 N. Y. 489 ; *St. Johnsville* v. *Smith*, 184 N. Y. 341 ; *Bell* v. *Barnet*, 25 Ky. 516 ; *Moore* v. *Cable*, 1 Johns. Ch. 385 ; *Jackson* v. *Loomis*, 4 Cow. 168 ; *Horton* v. *Cooley*, 135 Mass. 589 ; *Jackson* v. *Creal*, 13 Johns. 116 ; *Evetts* v, *Tendick*, 44 Tex. 570.)

*Charles T. Ennis* and *Jefferson W. Hoag* for respondents. The respondent company relied upon its deed given by the executor and trustee, entered into possession of the property and made the repairs and improvements now existing without knowledge or notice of any defect in its title. (*Acer* v. *Westcott*, 46 N. Y. 384.) When a person in peaceable possession under claim of lawful title, but really under a defective title, has in good faith made permanent improvements, the true owner who seeks the aid of equity to establish his own title will be compelled to reimburse the occupant for his expenditure. (Pom. Eq. Juris. § 1241 ; *Putnam* v. *Ritchie*, 6 Paige, 390 ; *Mickles* v. *Dillaye*, 17 N. Y. 86 ; *Miner* v. *Beekman*, 50 N. Y. 339 ; *Staats* v. *Storm*, 76 App. Div. 627 ; *Spangenbergh* v. *Schneider*, 97 App. Div. 200 ; *Thomas* v. *Evans*, 105 N. Y. 601 ; *Satterlee* v. *Kobbe*, 173 N. Y. 98 ; *Ford* v. *Knapp*, 102 N. Y. 135 ; *Burt* v. *Powis*, 16 How. Pr. 289 ; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 58.) Equitable questions may be determined in a partition action. (*N. Y. C. Ins. Co.* v. *N. Ins. Co.*, 14 N. Y. 85 ; *Despard* v. *Walbridge*, 15 N. Y. 374 ; *Phillips* v. *Gorham*, 17 N. Y. 270 ; *Cole* v. *Reynolds*, 18 N. Y. 74 ; *Burget* v. *Bissell*, 5 How. Pr. 192 ; *Dobson* v. *Pearce*, 12 N. Y. 156 ; *Hunt* v. *F. L. & T. Co.*, 8 How. Pr. 416 ; *Foot* v. *Sprague*, 12 How. Pr. 355.) The form of the judgment was correct in allowing first for value of improvements. (*Thomas* v. *Evans*, 105 N. Y. 614 ; *Spangenbergh* v. *Schneider*, 97 App. Div. 200.)

GRAY, J. I think that the judgment below is correct, in the one respect in which it is now the subject of attack. It allowed to the respondent, the Lyons Milling Company, compensation for the improvements placed upon the property

purchased by it; notwithstanding that the conveyance to it of the lands was held to have been void. The purchase price was not allowed. The conveyance was by the trustee named in the will of Margaret Shuler, in execution of a power of sale conferred upon the trustee, and, upon this appeal, we are to assume the correctness of the decision by the Appellate Division that the trust attempted to be created was invalid, as contravening the statute against perpetuities. The testatrix died seized of the property in 1893 and her will was admitted to probate, without contest, shortly thereafter. After making the trust provisions for her children and grandchildren, which have been held invalid, in a subsequent clause of her will, she empowered her " said trustee to sell and convey any and all of my real estate at public, or private, sale. * * * But all proceeds of said sale * * * to be paid upon said mortgage, or mortgages, which are a lien upon the said real estate in * * * satisfaction thereof until the same are fully paid." Her trustee was one of her sons and he was, also, appointed as the executor of her will. In 1898, five years later, for a consideration of $4,000, representing the fullest value of the property, he deeded the portion of the real estate in question to one Ennis, who, a few days later, conveyed it to the Lyons Milling Company, for which he had purchased it. At the time, the property was a mill site; the mill on which had been destroyed by fire and which had become unserviceable and unproductive. The milling company restored the mill and properties, borrowing money upon mortgage for the purpose from third parties, and the referee finds that the value of the property was enhanced to the extent of $10,000; offsetting the value of the use and occupation by the amount of taxes paid by the company. The plaintiff bank, appellant, which was conducting its business in the near neighborhood of the milling company, had, in 1884, recovered judgments against three sons of Mrs. Shuler; but had failed to satisfy them by execution. In 1901, three years after the milling company's purchase and improvements, the plaintiff caused execution to be, again, issued and purchased the interest of

the judgment debtors in the real property of which Mrs. Shuler, their mother, had died seized, upon the sheriff's sale thereof, receiving a deed in 1903. In 1904, it brought this action for a partition of such property; claiming that the devise thereof in Mrs. Shuler's will was invalid and void; that the conveyance of portions of it by the trustee transferred no title and that, through its purchase of the interest of the three sons at the execution sale, it was the owner of three-fifths of the real property of which Mrs. Shuler died seized.

Although the trust was invalid and the office of trustee, therefore, fell with the trust, the facts and circumstances were such as to warrant the court, in the exercise of its equitable powers, in allowing compensation to this respondent. The will had been unquestioned upon its probate and had stood unassailed for some five years, when the milling company purchased; taking an apparent title to the land under a power to sell, authorized for the purpose of procuring the means wherewith to discharge the mortgage debts. Now, although the exercise of the power by the donee may have been ineffectual to transfer the legal title to the real estate, which the testatrix had failed by her testamentary provisions to divert from her heirs at law, the milling company, when purchasing the land, had paid a full consideration, had acted in good faith and had dealt with the apparent holder of the right to convey a legal title, while he was acting in the performance of his duties and, as respondent had the right to believe, exercising his power to sell for the advantage of the estate. It entered into peaceable possession, under claim of lawful title, and proceeded to restore, and to make valuable, a milling property, which had been neglected and had become, practically, worthless; while the plaintiff and the heirs of the testatrix stood by in silence. Their situation was such that they may be considered as looking on while the milling company, in possession of the land, was expending money in constructing permanent improvements. They, presumably, entertained the belief that the milling company had acquired good title.

It is true that the probate of the will did not conclude the question of its validity, as a devise of the real property upon trust, and that in subsequent litigation that question remained open to the heir. But the further question is whether a court of equity, having jurisdiction of this action in partition, (see *Hewlett* v. *Wood*, 62 N. Y. 75, 77 ; *Ford* v. *Knapp*, 102 ib. 135, 140), and of all the parties in interest, may not, if the state of facts found upon the trial justifies it, grant to the party who, in good faith and for value, has purchased from the trustee, as donee of a testamentary power of sale, some of the devised real property, compensation for his improvements upon the land, though he loses the price paid for the land. I think that this case presents a state of facts where the respondent is entitled to some protection. Upon principle and within the reasoning of the decisions of this court, the trial court determined justly and within its proper powers. (See *Thomas* v. *Evans*, 105 N. Y. 601 ; *Satterlee* v. *Kobbe*, 173 ib. 91 ; *Ford* v. *Knapp*, *supra*.) In *Thomas* v. *Evans*, the action was brought by some of testator's children for the purpose of annulling and vacating a deed by his executors, upon the ground that there had been no valid exercise of the power of sale. The plaintiffs succeeded and the decree denied compensation for the improvements placed upon the property by the purchaser. This determination was reversed and it was held that, in addition to the reimbursement of the price paid, the trial court should have imposed, as a condition of relief, such sums as were expended in improvements, so far as they had increased the value of the land. This court refrained from discussing the question as to the validity of the conveyance ; as we, also, refrain. It assigned as a reason for its decision that the executors' deed, apparently, conferred the legal title under the power of sale and the purchaser was entitled to rely upon the apparent power of the executors to receive the consideration and to convey the land. Reference is made to Pomeroy's work on Equity Jurisprudence, (see sec. 1241, note 1), and this language is quoted : "When a person in peaceable possession

under claim of lawful title, but really under a defective title, has, in good faith, made permanent improvements, the true owner, who seeks the aid of equity to establish his own title, will be compelled to reimburse the occupant for his expenditures." In *Satterlee* v. *Kobbe*, (*supra*), an action in partition, where some of the defendants claimed adversely and in hostility to the plaintiff and his co-tenants, the reasoning of the opinion upon the subject of the right to compensation for improvements may be profitably referred to in support of our present views. The three important elements underlying the award of relief are those of the good faith and the innocent mistake of the purchaser, and that the plaintiff is in a court of equity asking its aid. Each case is, necessarily, governed by its peculiar facts.

These reasons have been briefly, but sufficiently, stated. I do not think that the plaintiff-appellant is in any position, under the facts of this case, to successfully oppose the allowance of compensation to the defendant, the Lyons Milling Company, respondent, and that question being the only one presented to us, the judgment should be affirmed; with costs to the respondent, the Lyons Milling Company, against the appellant.

CULLEN, Ch. J. (dissenting). I dissent from the decision about to be made. I think no allowance should be made to the respondent, the Lyons Milling Co., for its improvements except as an offset against the claim for rents and profits. The value of the improvements cannot be charged on the land. The respondent entered into and retained possession under a deed from the trustee under the will of Mrs. Shuler which conveyed no title, the trust being void. It was not a tenant in common with any of the other parties to the action, but simply a party in possession claiming under an adverse title. Until the enactment of the present Code its title could not have been determined in a partition suit; the plaintiff's remedy would have been ejectment. This was settled law. (*Florence* v. *Hopkins*, 46 N. Y. 182; *Van Schuyver* v. *Mulford*,

59 id. 426.)   It is also settled law that the only compensation that can be made to an unsuccessful defendant in an eject-ment suit for the improvements he has put on the land from which he is ejected is to set off their value against any claim for rents and profits.   (Code Civ. Pro. § 1531; *Jackson* v. *Loomis*, 4 Cow. 168.)   If a party is compelled to resort to a court of equity for relief, there a more liberal rule is applied and a purchaser in good faith and for value may be protected to the extent of the improvements made by him. Such was the case of *Thomas* v. *Evans* (105 N. Y. 601). The action was to set aside a conveyance made under a power of sale as fraudulent.   The power of sale was entirely valid and on its face the deed conveyed a good title.   The plain-tiffs could not have maintained an action at law to recover the property and were compelled to resort to equity for relief. Here it is argued that a partition action is an equitable one, and that the plaintiff, having resorted to equity, must abide by equitable rules.   Partition has been frequently denominated as equitable in the decisions in this state, and possibly cor-rectly so before the present Code, though it must be remem-bered that partition in this state was originally a special pro-ceeding at law.   Since the change in our practice effected by the present Code (§§ 1532 *et seq.*) as construed in *Weston* v. *Stoddard* (137 N. Y. 119) and *Satterlee* v. *Kobbe* (173 id. 91), a partition action can be considered equitable only in part, for parties have always had the right to contest an adverse legal title so far as it involves questions of fact before a jury, and of this right they cannot, under the Constitution, be deprived.   The present procedure is valid because the Code prescribes the trial of the issues mentioned before a jury.   (See opinion of O'BRIEN, J., in *Satterlee* v. *Kobbe*, *supra.*)   But the trial of an issue as of right before a jury can hardly be considered a proceeding in equity.   The only issue between the parties in this case was of that character. Even in partition actions it is not a matter of course to allow a co-tenant compensation for improvements made by him, and some special equity must be shown.   (See opinion of Judge

VANN in *Cosgriff* v. *Foss*, 152 N. Y. 104.) Here no special equity is shown. Doubtless the position of the respondent is an unfortunate one, but in no way differs from that of every purchaser of land from a vendor who cannot give title.

The decision about to be made makes the substantial rights of the parties depend on the form of the action. As already said, the plaintiff could have proceeded in this case by ejectment to recover the possession of the land without making compensation to the respondent for its improvements. Conceding that by its failure to take that course and by its voluntarily appealing to a court of equity, it has impaired its rights, what can be said as to the rights of the defendants, the plaintiff's co-tenants who are appellants here? They never appealed to a court of equity. Some of them are infants. Assuming that the plaintiff must suffer for its mistake in the procedure it has adopted, how can its course be allowed to impair the rights of the infant appellants? The appeal should be sustained at least as to them.

The judgment below is erroneous in other respects. The referee has found that the respondent's improvements have increased the value of the land $10,000, but he has made no finding as to the value of the land with or without the improvements. The evidence as to the value of the land alone varies from two to seven thousand dollars. The judgment directs that out of the sale of the property there first be paid the sum of $10,000 to the respondent milling company or its mortgagees. Neither at judicial sales or private sales does real estate always bring its full value, and the referee may be mistaken in his determination of value. Therefore, if the property should not realize a sum in excess of $10,000 and the costs of this action, the parties whom the court adjudges are owners of the land will be entirely deprived of it. On what possible theory can a judgment of this character be sustained? At least the owner should be first paid the value of the land, and then if there should be a surplus, that to the extent of $10,000 could then be applied to the milling company's equity, but this judgment does not place the owners even on an equality

with the intruder. This error alone requires a reversal of the judgment, for we can make no finding on the disputed question of value.

Again, the learned referee has set off the whole amount of the taxes paid by the milling company on the improved property against the rental value of the property unimproved. Surely this is a very queer rule. In no event should the appellants have been charged with more than a part of the taxes proportionate to the value of the land without improvements. .

Haight, Vann and Werner, JJ., concur, with Gray, J.; Cullen, Ch. J., reads dissenting opinion, and Chase, J., concurs on last ground stated in opinion of Cullen, Ch. J.

Judgment affirmed.