In the Matter of the Application of MARY J. CONKLIN, as Administratrix, etc., of JAMES CONKLIN, JR., Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

MARY ANN HAMILTON, as Administratrix c. t. a., etc., of HANNAH CONKLIN, Deceased, Appellant; MARY J. CONKLIN, as Administratrix, etc., of JAMES CONKLIN, JR., Deceased, Petitioner, Respondent.

Third Department, May 1, 1940.

*William B. Duggan*, for the appellant.

*Rusk & Rusk* [*George Rusk* of counsel], for the respondent.

HILL, P. J. Appellant seeks the reversal of a decree of the Ulster County Surrogate's Court which directed that she, her attorney or any person who has possession of a certain bond and mortgage, deliver them to respondent. The mortgagees were James Conklin and Hannah Conklin, his wife, and James Conklin, Jr., "jointly," all now deceased. The habendum clause thereof granted the mortgaged premises to them, " their heirs, or the survivor, and assigns forever." The bond secured by the mortgage was payable to the three parties " or their assigns, or unto the survivor of them, or unto the survivor's executors, administrators or assigns." The mortgagee, James Conklin, was the father of James Conklin, Jr., whose mother had died previous to the execution of the mortgage. Hannah Conklin was the second wife of Conklin, Sr. Appellant is the sister of Hannah Conklin and her administratrix with will annexed. From the date of the mortgage in March, 1921, until May, 1932, when Conklin, Sr., died, he had possession of the mortgage and collected and enjoyed the income therefrom. After his death, Hannah Conklin had the possession and enjoyed the income therefrom until her death in June, 1934. Upon her death appellant refused to deliver the bond and mortgage to Conklin, Jr. However, he collected and enjoyed the income therefrom until his death in March, 1939. Respondent is his widow and administratrix. Upon the hearing, appellant, over proper objection, was permitted to testify to a personal transaction and communication between herself and Hannah Conklin, deceased. " Q. With respect to the mortgage in issue here was there any transaction between you and the decedent involving that mortgage? A. Yes. Q. Will you state that transaction? * * * A. She handed them to me and told me they were a gift to me for everything I had did for her and that there was always enough to cover expenses." The surrogate decided that the evidence was not of the clear and convincing character required to establish a gift *inter vivos* of the interest of decedent in the mortgage and that the estate of James Conklin, Jr., was entitled thereto, he having been the survivor of the three joint owners.

There may be a joint ownership of personal property comparable to a joint estate in real property. (*Matter of Mc Kelway*, 221 N. Y. 15; *Overheiser* v. *Lackey*, 207 id. 229.) The relationship of the parties, together with the language used by the attorney who prepared these documents, shows the intention of Conklin, Sr., to create a joint ownership of the fund represented by this mortgage, with the survivor becoming the sole owner. Conklin, Sr., and his

wife were not tenants by the entirety of this personalty. (*Matter of McKelway, supra; Matter of Albrecht,* 136 N. Y. 91.) We agree with the surrogate that, even with the evidence of appellant in the case, the respondent is entitled to the bond and mortgage. In considering and passing upon the facts we deem it proper to discuss the admissibility of appellant's testimony concerning the claimed gift by her sister Hannah.

If credence were to be given to the testimony it established an ownership in one-half of the bond and mortgage in Mary Ann Hamilton personally and not as a representative of Hannah Conklin, deceased. Conklin, Jr., as the survivor of his father and stepmother, Hannah, became the owner of the entire mortgage in the event that Hannah had not disposed during her life of her joint interest therein to her sister, Mary Ann. The latter, claiming through a gift from Hannah, has a personal interest in the event and may not be examined as a witness on her own behalf concerning a personal transaction with the deceased, against a survivor. (Civ. Prac. Act, § 347.) Conklin, Jr., was the survivor of Hannah. A person interested in the event may not testify against him concerning a personal transaction with Hannah. (*Levy* v. *Louvre Realty Co.,* 222 N. Y. 14; *Hunter* v. *Herrick,* 26 Hun, 272; affd., 92 N. Y. 626; *Mullins* v. *Chickering,* 110 id. 513; *Mason* v. *Prendergast,* 120 id. 536.) "In a strict legal sense, a 'survivor' is the longest liver of two joint tenants, or of any two persons joined in the right of a thing; he that remains alive after the other be dead." (60 C. J. 1189.) "Survivor. The longest liver of two or more persons." (Bouvier's Law Dict.) "One who survives another; one who outlives another; one of two or more persons who lives after the death of the other or others. * * * Survivorship is where a person becomes entitled to property by reason of his having survived another person who had an interest in it. The most familiar example is in the case of joint tenants, the rule being that on the death of one of two joint tenants the whole property passes to the survivor." (Black's Law Dict. [3d ed.] p. 1690.) The testimony of appellant concerning the personal transaction with Hannah Conklin should have been excluded.

The decree of the Surrogate's Court of Ulster County should be affirmed, with costs.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decree affirmed, with costs.