RATKO VULOVICH et al., Respondents, *v.* STEPHEN P. BAICH, Appellant, et al., Defendant.

Fourth Department, July 14, 1955.

*Edmond J. Shea* for appellant.

*Francis J. Riordan* for respondents.

McCURN, P. J.   Pavo Resan upon the death of his wife in June, 1951, became the sole owner of a family dwelling situated at No. 32 Wilson Street in the city of Lackawanna, New York. On the 26th day of July, 1951, he executed a deed conveying the said property to himself and the defendant Stephen P. Baich '' as joint tenants and not as tenants in common ''.

The plaintiffs allege and the trial court has found that in October, 1951, the plaintiffs and Mr. Resan entered into an agreement whereby the plaintiffs agreed to take care of Resan, his house and property and to furnish him with board, clothes and other incidentals for the remainder of his natural life in consideration for which the said Pavo Resan agreed that the plaintiffs upon his death would become the sole owners of all of his property.   Resan, pursuant to such agreement, made plaintiffs beneficiaries under his insurance policies, changed his bank accounts to joint accounts with the plaintiffs and made a will in which the plaintiffs were named as sole legatees.   The plaintiffs allege and the trial court has found that the plaintiffs performed all of the conditions of the agreement upon their part.

In view of the agreement and the will which Resan had executed, the plaintiffs, expecting that they would become the sole owners of the real estate upon the death of Resan, treated it as their own and made improvements thereon.   Pavo Resan died in January, 1954, and shortly thereafter the defendant Baich asserted ownership and sought possession of the real property by virtue of the joint deed which he held with Resan.   The plaintiffs brought this action for equitable relief seeking amongst other things that the real property be impressed with a lien in the amount of the reasonable value of the upkeep, taxes and improvements made and paid for by the plaintiffs.   The appeal is from the judgment establishing a lien upon the real estate in question in favor of the plaintiffs in the sum of $4,500.

The testimony evidencing the agreement between the plaintiffs and Pavo Resan was given by the plaintiffs themselves over the objection of the defendant-appellant that the plaintiffs were not competent witnesses to give such testimony by reason of section 347 of the Civil Practice Act.   Although these plaintiffs are executors under the will of Resan they bring this action in their personal capacity and not as representatives of the estate.   Their interest arises from a personal transaction with the deceased and their claim against the defendant Baich is likewise a claim against a person who derived his title or interest from a

deceased person by assignment or otherwise (see *Pope* v. *Allen,* 90 N. Y. 298, and *Matter of Conklin,* 259 App. Div. 432).

We conclude that the plaintiffs were not competent to testify as to their alleged agreement with the deceased and that the testimony was erroneously received.

Eliminating the testimony of the plaintiffs there is insufficient testimony in the record to evidence the making of the agreement. Even if the agreement had been established by competent evidence, we still think that the judgment appealed from would have to be reversed.

One of the essential elements of an equitable lien upon real property is that the improver of the property made such improvements in good faith and under a color of right. A common example is where the legal title was in the one improving the real property and the equitable title was in someone else (see *Putnam* v. *Ritchie,* 6 Paige Ch., 390, 404–405, and *Mickles* v. *Dillaye,* 17 N. Y. 80).

The mere making of improvements does not of itself give rise to an equitable allowance (*Scott* v. *Guernsey,* 48 N. Y. 106). In order to warrant compensation, the improver must have acted in good faith under color or claim of title so that the making of the improvements resulted from an innocent mistake (*Mickles* v. *Dillaye,* 17 N. Y. 80, supra; *Lyons Nat. Bank* v. *Shuler,* 199 N. Y. 405; *Ford* v. *Knapp,* 102 N. Y. 135; *Thomas* v. *Evans,* 105 N. Y. 601; *Jones* v. *Duerk,* 25 App. Div. 551). Thus, where the improver is a trespasser or otherwise occupies the property without claim of title, he cannot plead mistake as a ground for equitable relief (*Levinson* v. *Myers,* 100 Misc. 379, 383, affd. 188 App. Div. 946; *Frear* v. *Hardenbergh,* 5 Johns. 271; *Scott* v. *Guernsey,* 48 N. Y. 106; *Spruck* v. *McRoberts,* 139 N. Y. 193; *Shelley* v. *Cody,* 187 N. Y. 166). Furthermore, the claim of title must be honest and reasonable, and equity will refuse its aid where the claim is frivolous, presumptuous or merely conjectural (*O'Marr* v. *McLean,* 228 App. Div. 19). In the *O'Marr* case the plaintiffs sought to impress a lien upon real property for improvements which they had made. They alleged that the testatrix, their grandmother, had often promised to leave them the property in consideration of their supporting her. She died in 1906, survived by six children, one of whom was the plaintiffs' father. The plaintiffs thereafter improved and repaired the property, but the will of the grandmother was not discovered and admitted to probate until 1924. By its terms, the property was given to plaintiffs' father for life with the remainder to the other children of the testatrix. The court, after noting that the

plaintiffs were incompetent to testify to conversations with testatrix stated (p. 22): " ' Good faith ' and ' honest belief ' on the part of plaintiffs, unless standing upon a foundation adequate in law, would be valueless. Belief in an oral agreement to convey would amount to nothing (Real Prop. Law, §§ 242, 259), a trust by operation of law not having been created. There was no belief or claim that the grandmother had conveyed. There was no belief that the grandmother had willed the property to plaintiffs, which she in fact had not done." (See, also, *Kelly* v. *Kelly,* 293 Ky. 42, and *Whitehead* v. *Barker,* 288 Mich. 19).

The plaintiffs appear to have improved the property in question with the expectation that they would become owners thereof upon the death of Pavo Resan by reason of the will which Pavo Resan had executed in their favor. Although the deed was recorded, they did not know that the defendant Baich and Pavo Resan were joint owners of the property or that if Pavo Resan died before Baich there remained no interest of his in the property which would pass under his will. Plaintiffs' improvement of the property was not therefore under any color of title or right but rather it was based upon the conjecture that Resan had a devisable interest in the real property in question and that he would not change his will.

The trial court has found that Pavo Resan defrauded the plaintiffs. The action, however, is against Baich and the lien in question is upon his real estate. There is no evidence that Baich participated in the fraud or that he had any knowledge of the alleged contract between Pavo Resan and the plaintiffs.

The plaintiffs' expectancy under the will of Pavo Resan does not, as we view it, constitute a color of title sufficient to support an equitable lien, and in any event there is no basis, as we see it, for a lien against the property of Baich who so far as this record shows had no knowledge of the alleged agreement and did not participate in the fraud.

The judgment appealed from should, therefore, be reversed and the complaint dismissed.

All concur. Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

Judgment reversed, on the law and facts, without costs of this appeal to any party, and complaint dismissed, without costs. A certain finding of fact disapproved and reversed.