In the Matter of the Estate of STEPHEN RUSHAK, Deceased. SOPHIE K. RUSHAK, Respondent; JOHN RUSHAK, Appellant.—

Memorandum: On January 14, 1952 Paraska Rushak opened the bank account which is the subject of the present litigation. Subsequently, in December, 1959, she converted the account to a joint account, and a signature card was deposited with the bank bearing signatures of Paraska Rushak and her two sons, John and Stephen, stating that the account was jointly owned by the signatories, the survivor being entitled to the balance. The only deposits ever made in the account were made by Mrs. Rushak before the creation of the joint tenancy and the book was kept by her until her death on July 20, 1965. Five days later, on July 25, 1965, her son Stephen also died, leaving John as the surviving joint tenant. The appeal now before us is by John Rushak from a decree determining that the bank account belongs one half to the estate of Stephen and one half to John. There can be no question — and the Surrogate has found — that in December, 1959 Paraska Rushak created a joint tenancy with a right of ownership in the survivor. (Banking Law, § 675, subd. [a].) The fact that there were three, rather than

the usual two, joint tenants does not change this result (General Construction Law, § 35); nor is it affected by the death of one joint tenant. If, during the lifetime of the two surviving tenants, neither disposes of his joint interest, upon the death of the second joint owner the last survivor becomes the sole owner. (*Matter of Conklin*, 259 App. Div. 432.) It is not important what the intention of either Stephen or John might have been after the death of Paraska as regards the ultimate disposition of the bank account, for they were not then creating a joint tenancy — or any interest — as between themselves. The joint tenancy with the right of survivorship had already been created in 1959 and that tenancy continued up to the death of Stephen, in the absence of any act by either of the brothers to terminate it. The joint ownership of personal property was analogous to a joint estate in lands (*Matter of McKelway*, 221 N. Y. 15, 18) and until terminated by act of the parties continued subject to the right of sole ownership in the survivor. (*Matter of Suter*, 258 N. Y. 104; 2 Tiffany, Real Property, [3d ed.], § 419, p. 198; Schouler, Personal Property, [5th ed.], § 156, p. 223 *et seq.*) (Appeal from decree of Onondaga County Surrogate's Court holding that estate had a one-half interest in a joint bank account.) Present — Williams, P. J., Bastow, Henry, De Vecchio and Marsh, JJ.