■ PETER A. DEANGELO, Doing Business as PETE DEAN-GELO BUILDERS, Respondent, v TODD M. BRAZAUSKAS et al., Defendants, and ANDREW J. KRAFT, Appellant. [620 NYS2d 692] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied, cross motion granted and judgment granted in accordance with the following Memorandum: Defendant Andrew J. Kraft purchased a parcel of land known as lots 5 and 6 in the Town of Hartland in May 1993 and shortly thereafter recorded the deed. A few months later, defendants Todd M. and Mary Brazauskas purchased lot 7, adjoining Kraft's parcel. The Brazauskases met with plaintiff Peter A. DeAngelo, a builder, and showed him survey stakes, which they alleged represented the boundary lines of their property. In fact, the survey stakes represented the boundary lines of Kraft's property. DeAngelo commenced construction of a house for the Brazauskases on Kraft's property without Kraft's knowledge. In October 1993, after the residence was nearly completed, a surveyor hired by the Brazauskases informed DeAngelo that the residence was constructed on Kraft's property. DeAngelo advised Kraft of the "mistaken improvement" and Kraft insisted that DeAngelo and the Brazauskases remove themselves from his property. DeAngelo commenced this action against Kraft and the Bra-

zauskases seeking, *inter alia,* to enter Kraft's property and remove the structure. The court granted DeAngelo's motion for summary judgment against Kraft and ordered "that [De-Angelo] be permitted access to * * * Kraft's premises to remove the structure and the concrete foundation and regrade the terrain."

The common-law doctrine of accession provides that the owner of property is entitled "to all that is added or united to it, either naturally or artificially" (Black's Law Dictionary 13 [5th ed 1979]). That doctrine has been followed in New York *(see, People ex rel. International Nav. Co. v Barker,* 153 NY 98; *Ritchmyer v Morss,* 3 Keyes 349), but has been relaxed in limited circumstances: namely, if the mistaken improvement was made in good faith under a claim of title *(see, Scott·v Guernsey,* 48 NY 106; *Vulovich v Baich,* 286 App Div 403, *affd* 1 NY2d 735) and there is either some misconduct on the part of the owner or a failure to act after the owner knows that the improvement was being made *(see, Miceli v Riley,* 79 AD2d 165; *Joanes v Boyle,* 275 App Div 952). Neither of those circumstances is present here.

DeAngelo contends that we should adopt a balancing test suggested by a commentator *(see,* Dickinson, *Mistaken Improvers of Real Estate,* 64 NC L Rev 37). Although such balancing test has not been adopted by any court of this State, if we were to apply that test, we would conclude that the equities favor Kraft. The evidence establishes that Kraft had no knowledge of DeAngelo's mistake and that he considered the property unique. Kraft averred that he had spent several years looking for property, that he had looked at numerous parcels of property in Niagara County, and that lots 5 and 6 were the only parcels that met his requirements of a heavily wooded lot with significant depth so that a house could be constructed some distance from the road. The parcel purchased by the Brazauskases was not as heavily wooded nor as deep as Kraft's parcel.

Thus, the order insofar as appealed from is reversed, the motion for summary judgment is denied, the cross motion for summary judgment is granted and judgment is granted in favor of Kraft declaring that Kraft owns and holds free and clear title to the house constructed on and annexed to his real property known as lots 5 and 6 located at Bishop Road, Town of Hartland, County of Niagara. (Appeal from Order of ·Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Balio, Fallon, Callahan and Davis, JJ.